# City Court.

### Trial Term—June, 1887.

### COX against FLAGLER ET AL.

Usury is a crime ; but a mere intention, not followed by execution or attempt at consummation, does not constitute crime. An intention to exact $25 bonus on a loan, expressed the night before the loan was made, is not usury, if when the loan is actually made no unlawful interest is actually reserved or taken.

Motion for new trial on judge's minutes.

McADAM, Ch. J.—Whatever the understanding was the night before, the loan made was not usurious. The plaintiff loaned $300 on the note in suit for that amount. No interest was reserved or taken, and the agreement as executed is free from any vice. The intention, expressed the night before making the loan, to charge $25 bonus, was not executed, nor was there any attempt at its consummation. Usury is a crime ; but a mere intention, not followed by execution or attempt at consummation, does not constitute crime (5 *Cranch*, 312). The fact that illegal interest was neither reserved or taken or even demanded repels the idea that usury entered into the contract finally made. Intention is an emotion of the mind, best evidenced by acts and declarations, and acts control the determination of the question. "If a party does an act which defrauds another, his declaring he did not by the act intend to defraud another is weighed down by the evidence of his act" (Babcock *v.* Eckler, 24 *N. Y.* 632). The evidence by the defendant that the plaintiff said he intended to reserve $25 as a bonus is, under this rule, best negatived by the fact that he did not reserve or take

anything for the loan. The contract sued upon is free from any taint of usury, and the debtors may discharge their full liability by returning the money loaned (*Tyler on Usury*, 217; Bill *v.* Fish, 1 *St. R.* 473).

The verdict is right, and the motion for a new trial must be denied.