### APPLICATION OF THE DOCTRINE OF STARE DECISIS.

THE STATE OF OHIO, EX REL GUILBERT, AUDITOR OF STATE, v.

LEWIS, AUDITOR OF HAMILTON COUNTY.

69 Ohio State—Decided, November 17, 1903.

*Stare Decisis—Not Allowed to Interfere With Former Decision—On Constitutional Question, When—Effect of Property Rights on Principle of Stare Decisis—Constitutional Law.*

1. The doctrine *stare decisis* will not be allowed to interfere with the overruling of a former decision upon a constitutional question when such former decision is clearly erroneous and it does not

appear that such decision has been acted upon as a rule of property, or that rights have vested under it so that more injury would follow if it were overruled than if it were allowed to stand.

2. *State, ex rel Guilbert,* v. *Yates,* 66 Ohio St., 546, is approved and followed, and *State, ex rel Attorney-General,* v. *The Judges et al,* 21 Ohio St., 1, is overruled.

Mandamus.

The relator filed his petition in the Circuit Court of Hamilton County, praying for a writ of mandamus to issue against the defendant, as Auditor of Hamilton County, commanding him to proceed forthwith, according to law, to make the reports required under the said statutes and to collect his fee, perquisites and compensation and his said salary, as is provided for under Sections 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078, 1334, 1335, 1336, 1365, 1345, 2620, 2774, 2775, 2785, 2908, 4064, 4903, 6909, 7382, 7387, Revised Statutes, and that he be ordered to cease to draw from the treasury of the said county, any salary, fees or compensation or perquisites provided for in said alleged statutes, governing and controlling said Hamilton county only, and to treat such acts as nullities, and to observe the forms prescribed by the relator, and to observe the aforesaid instructions and constructions of the general statutes so designated, and to report to the relator by a certified statement of the amount of moneys and fees received or due the county treasurer, recorder, sheriff, prosecuting attorney, probate judge, commissioners, clerk of the court of common pleas, and also a like statement verified by defendant's affidavit and to comply with said general statutes as aforesaid.

The defendant for answer says that as County Auditor of Hamilton County, in the matter of the administration of such office, and the employment of all deputies, bookkeepers, clerks and other assistants in the office of said county auditor, he has been, and is governed and controlled by the provisions of the act of April 6, 1870, as found in 67 O. L., 36, and as supplemented and amended by the act of April 12, 1871, found in 68 O. L., 58; and the act of April 18, 1872, found in 69 O. L., 75; and the act of February 14, 1873, found in 70 O. L., 26; and the act of April 16, 1874, found in 71 O. L., 81; and the act of May 14, 1878, found in 75 O. L., 556; and the act of January 3, 1879, found in 77 O. L., 137 and 138, which acts were revised and codified in the Revised Statutes of 1880, as Sections 1341

to 1365, inclusive. And he says that in a case brought by the state of Ohio, on the relation of the attorney-general, against the judges of the court of common pleas of the first judicial district of Ohio, that the question of the validity and effect of said statutes, and especially the act of April 6, 1870, and the act of April 12, 1871, supplemental thereto, were brought in issue before the Supreme Court of the State of Ohio, and said acts were held by said court to be constitutional, valid and binding laws, which decision of the Supreme Court is reported in *State* v. *Judges,* 21 Ohio St., 1, and has not been reversed or set aside and is still in full force and effect.

Defendant further says that such changes as have been made in said original acts in 67 O. L., 36, and 68 O. L., 58, and as have been made in the acts above cited from time to time by the Revised Statutes of Ohio, have not affected their validity, or changed their effect, and that by reason of said judgment the relator is now concluded and estopped from re-litigating the question decided by the Supreme Court in said case, or from obtaining the relief sought in his petition herein.

The relator demurred to the answer upon the ground that said answer does not state a defense to the relator's position. The demurrer was overruled, and the relator not desiring to plead further, judgment was rendered for the defendant, and to reverse this judgment of the circuit court he files his petition in error in this court.

*J. P. Bradbury* and *F. S. Monnett,* for plaintiff in error.

*Gideon C. Wlison,* County Solicitor, *Otway J. Cosgrave* and *Oliver B. Jones,* Assistant County Solicitors, for defendant in error.

DAVIS, J.; BURKET, C. J., SPEAR, SHAUCK, PRICE and CREW, JJ., concur.

It seems to be conceded that the ruling in *State, ex rel,* v. *Yates,* 66 Ohio St., 546, is broad enough in its terms to include Hamilton county and to dispose of the issues in this case; but the circuit court regarded *State, ex rel,* v. *Yates,* as not controlling the judgment of this court in *State, ex rel,* v. *The Judges,* 21 Ohio St., 1, which the circuit court seemed to think is made venerable and unimpeachable by the frosts of thirty winters. The doctrine of *stare decisis* is interposed formally and with some heat, to sustain the legislation which is now attacked as being in conflict with the Constitution, as interpreted in *State,*

*ex rel,* v. *Yates.* Counsel for the defendant in error advance a step further and claim that *Cincinnati* v. *Taft,* 63 Ohio St., 141, is conclusive in favor of the judgment rendered by the circuit court in the case at bar. The last mentioned case may be put aside at once, because it is not based on the precedent of a former decision as to the constitutionality of the statute there drawn in question, but upon an overwhelming principle of public policy. ''The bonds having been thereafter sold and the improvement made,'' property had been acquired and immensely valuable rights had vested upon the faith of the former decision, and therefore vastly more harm would ensue from the court reversing itself than to allow its judgment in that case to stand. *Cincinnati* v. *Taft* is in line with numerous decisions by this court. *Arrowsmith* v. *Harmoning,* 42 Ohio St., 254, 261.

In the present controversy we are concerned not so much with the propriety of the rule of *stare decisis* as with the limitations upon the rule; for, as was said by Bartley, C. J., in *Leavitt* v. *Morrow,* 6 Ohio St., 78:

''Mere precedent alone is not sufficient to settle and establish forever a legal principle. Infallibility is to be conceded to no human tribunal. A legal principle, to be well settled, must be founded on *sound reason,* and tend to the *purposes of justice.* * * *Precedents are to be regarded as the great storehouse of experience; not always to be followed, but to be looked to as beacon lights in the progress of judicial investigation, which, although at times they may be liable to conduct us to the paths of error, yet may be important aids in lighting our footsteps in the road to truth.''

The court in that case refused to be governed by a rule which had been recognized and acquiesced in for nearly two hundred years. In *Mead et al* v. *McGraw,* 19 Ohio St., 55, 62, the principle of *stare decisis* was reviewed, and it was held that where a rule of property is not involved, if the former decision is erroneous and affects only the practical administration of justice, it ought to be corrected at the earliest opportunity. If this is a sound principle in the general administration of justice, it must be especially so in the administration of the fundamental law of the Constitution; for the integrity of the Constitution is of supreme importance in every free government, and every departure therefrom should be closely scrutinized and rigidly restrained. It can not be tolerated that those whose duty it is to support the Constitution may subvert it by a construction, inad-

vertent or deliberately formed, which shall be forever after binding upon their successors and the people.

In a comparatively recent case in which this subject seems to have been fully considered, the Supreme Court of Utah, in the opinion by Bartch, C. J., said:

"When a point has once been decided by an appellate court, the decision forms a precedent which should not ordinarily be departed from, and never on any slight grounds; but courts occasionally find it necessary to overrule decisions which have been made contrary to principle and the law of the land as established by statute, judicial decision and the Constitution. * * * Where, however, there has been but a single decision, which is clearly erroneous, and important private or public rights are concerned, or where the questionable matter was not necessarily involved in the case or cases, or where the points involved were decided contrary to the well established legal principles which ought to have governed, and injustice or hardship would result, or where it appears that the facts which impelled the former decisions and the conditions under which they were made were materially different from those in the case under consideration, or where it is manifest that the law has been erroneously decided, and no material property rights or business rules have been established thereunder, the doctrine of *stare decisis* ought not to be applied, so as to prevent a reconsideration of the former action of the court." *Kimball* v. *Grantsville City*, 19 Utah, 368, 394-395. See also *Ellison* v. *Georgia Railroad Co.*, 87 Ga., 691, 695-696; 1 Kent's Com., 476, 477; 23 Am. & Eng. Ency. Law (1st Ed.), 36-47, cited in argument; *Paul et al* v. *Davis*, 100 Ind., 422, 426-428; *Board of Commissioners* v. *Allman*, 142 Ind., 573.

Two other cases deserve particular attention because they deal with the precise issue which is raised in the case at bar, viz., whether a former decision upon a constitutional question may be reviewed and overruled. In *Pollock* v. *Farmers Loan & Trust Co.*, 157 U. S., 429, Chief Justice Fuller, delivering the opinion of the court, pages 574-576, says:

"Doubtless the doctrine of *stare decisis* is a salutary one, and to be adhered to on all proper occasions, but it only arises in respect of decisions directly upon the points in issue;"

and he cites the case of *The Genesee Chief* v. *Fitzhugh*, 12 How., 455, in which the case of *The Thomas Jefferson*, 10 Wheat., 428, was overruled, and he quotes Chief Justice Taney in the case of *The Genesee Chief* as follows:

"It is the decision in the case of *The Thomas Jefferson* which mainly embarrasses the court in the present inquiry. We are sensible of the great weight to which it is entitled. But at the

same time we are convinced that, if we follow it, we follow an erroneous decision into which the court fell, *when the great importance of the question as it now presents itself could not be foreseen;* and the subject did not therefore receive that deliberate consideration which at this time would have been given to it by the eminent men who presided here when that case was decided. For the decision was made in 1825, when the commerce on the rivers of the west and on the lakes was in its infancy, and of little importance, and but little regarded compared with that of the present day. Moreover the nature of the questions concerning the extent of the admiralty jurisdiction, which have arisen in this court, were not calculated to call its attention particularly to the one we are now considering."

And Chief Justice Fuller adds:

"Manifestly, as this court is clothed with the power, and entrusted with the duty, to maintain the fundamental law of the Constitution, the discharge of that duty requires it not to extend any decision upon a constitutional question if it is convinced that error in principle might supervene."

*Willis* v. *Owen,* 43 Tex., 41, was a case raising the question of the constitutionality of a statute. It had already been sustained by the Supreme Court in several cases. The doctrine of *stare decisis* was interposed. It is said in the opinion of the court, page 49:

"The questions to be considered in these cases have no application whatever to the title or transfer of property, or to matters of contract. They involve the construction and interpretation of the organic law, and present for consideration the structure of the government, the limitations upon legislative and executive power, as safeguards against tyranny and oppression. Certainly it can not be seriously insisted that questions of this character can be disposed of by the doctrine of *stare decisis.* The former decisions of the court in such cases are unquestionably entitled to most respectful consideration, and should not be lightly disregarded or overruled, and in case of doubtful interpretation, or even legislative or executive construction within their respective functions, might be sufficient to turn the balanced scale. But in such case the former decision or previous construction is received and weighed merely as an authority tending to convince the judgment of the correctness of the particular conclusion, and not as a rule to be followed without inquiry into its correctness."

With the foregoing authorities before us, believing, as we do, that the plain letter of the Constitution of Ohio can not be altered or amended by judicial construction, and believing, for the

reasons given in *State, ex rel*, v. *Yates* that county offices are not local offices, and that even if they were conceded to be such the matter of their compensation is not necessarily local, and may become, and is a matter of general public concern, as demonstrated in *State, ex rel*, v. *Yates;* and believing further that the decision in *State, ex rel*, v. *The Judges* did not lay down a rule of property, and it not appearing that any vested rights have been acquired under it, we are constrained to formally overrule *State, ex rel The Attorney-General*, v. *Judges*, 21 Ohio St., 1. The circuit court should have sustained the demurrer to the answer and should have awarded a peremptory writ of mandamus as prayed in the petition.

The judgment of the circuit court in the case at bar is therefore reversed and

*Peremptory writ awarded.*