Allen *et al.* *v.* The State.

---

No. 9123.

ALLEN ET AL. *v.* THE STATE.

PRACTICE.—*New Trial.—Assignment of Error.—Supreme Court.*—Where rulings of the trial court constitute proper grounds for a new trial, they can not be assigned on appeal as independent errors. If presented to the trial court by the proper motion they are covered by an assignment on that motion; if not so presented they can not be made available in the Supreme Court in any manner.

CRIMINAL LAW.—*Assault and Battery.—Evidence.—Admissions.—Res Gestæ.—Declarations against Interest.*—In a prosecution for assault and battery it is competent for the State to prove declarations made by the accused whether made at the time of the commission of the offence, or not, or whether the injured person was or was not present when they were made. Declarations against interest are admissible in evidence although not a part of the *res gestæ*.

From the Parke Circuit Court.

*D. A. Roach* and *N. P. H. Proctor*, for appellants.

*D. P. Baldwin*, Attorney General, and *G. W. Collings*, for the State.

ELLIOTT, J.—Appellants were charged with an assault and battery upon one Andrew J. Lykens, were tried by a jury and convicted of the offence charged

It is assigned as error that the circuit court erred in over-

ruling the appellants' motion to quash the information. There was no such motion made, and consequently there is no foundation upon which to assign any such error as that under mention.

There are numerous errors assigned, but all except that above noticed are included in the assignment based upon the ruling denying a new trial. Where rulings constitute proper grounds for a new trial they can not be assigned, on appeal, as independent errors. If presented to the trial court by the proper motion, they are covered by an assignment on that motion; if not so presented, they can not be made available in this court in any manner.

It is insisted by the State that we can not consider any question arising upon the ruling denying a new trial, for the reason that there is no proper bill of exceptions in the record. We think that the evidence is properly in the record. The recital is, that "this was all the testimony and evidence given on the trial," and we find nothing in the record, although it is somewhat confused, which contradicts this recital.

It is claimed by appellants that the court erred in permitting the State to prove declarations made by them after the injured party had left the place where the offence was committed. Appellants are in error. These declarations were admissions, and, as such competent, whether made at the time of the altercation or not. It was entirely immaterial whether the injured person was or was not present when the admissions were made. The counsel are altogether mistaken in supposing that declarations against interest are admissible only in cases where they form part of the *res gestæ.* Of course, the accused may not prove his own statements, made after the offence has been committed, but the State may.

Appellants complain of the admission of other testimony, but no objections were stated and no exceptions reserved, and no question is, therefore, presented upon the rulings admitting such testimony.

We need only say of the argument of counsel in support of their contention that the verdict is not sustained by the evidence, that the case for the State was, in our opinion, fully made out by the strongest and most convincing evidence.

Judgment affirmed, at costs of appellants.

Opinion filed at the November term, 1880.
Petition for a rehearing overruled at the May term, 1881.