Filed Jan. 20, 1892.

---

No. 554.

## MOORE, EXECUTOR, v. BAKER.

WILL.—*Election Under.—Estoppel.*—A assigned a certain amount of bank stock to B, his wife, and conveyed to her, in fee simple, a certain amount of land. Afterwards he made a will devising said bank stock and land to B for her use during her life and at her death said property was vested absolutely in C. Upon the death of A, B elected to take under the will. After so electing, B sold said bank stock. B died and C filed a claim against B's estate for the amount of the stock so conveyed.

*Held*, that when B elected to take under the will, she was thereby estopped to deny A's right to dispose of said bank stock, though the title was in

her, and that in electing to take under the will she gave effect to all its provisions and undertook to perform all the burdens attached to her benefit.

*Held,* also, that C had a right to treat the title to the stock as vested by the sale and sue for its conversion.

SAME.—*Doctrine of Election.— What it Implies.*—The doctrine of election is of equitable origin, and there can be no election unless the testator confers some benefit, and, by the terms of the will, assumes to dispose of some right of the party electing.

VERDICT.—*Court Directing upon Evidence.— When Proper.*—Where the evidence clearly establishes the right of the plaintiff to recover, without contradiction, and no defense is proven against such right, it is proper for the court to direct a verdict for the plaintiff, but not otherwise.

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis* and *M. Garrigus,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, R. R. Stephenson* and *W. R. Fertig,* for appellee.

CRUMPACKER, J.—On the 26th day of November, 1878, James A. Crowley, assigned and transferred to Susan Crowley, his wife, twenty shares of stock of the face value of one hundred dollars each, in the Howard National Bank of Kokomo. The certificate was taken up by the bank and another issued to Susan Crowley, and thus the transfer was effected on the bank records. On the same day said James gave his wife a warranty deed for lot sixty-nine in the original plat of the town of Kokomo. On the 28th day of that month, said James made his will, by the terms of which he devised and bequeathed considerable property to his said wife, among which was the lot he had so conveyed to her, and "the two thousand dollars ($2,-000) of stock in the Howard National Bank of the city of Kokomo," to be transferred to her, she to have the proceeds and dividends of such stock during her life, and at her death, it was bequeathed absolutely to Lotta Mitchell, now Lotta Baker, the appellee. Said testator died on the 11th day of January, 1879, and his will was duly admitted to probate. The widow elected to take under the provisions

of the will, and the estate was administered accordingly.
On the 31st day of December, 1884, she sold and trans-
ferred, absolutely, said bank stock to one Nathan Pickett
for $2,200.   She died testate in the latter part of the year
1888 in Howard county, and John E. Moore, the appel-
lant, was appointed executor of her will.   The appellee
filed a claim against the executor for the conversion of
the stock by the testatrix.   The cause was taken to the
Hamilton Circuit Court on change of . venue, where it
was tried by a jury and resulted in a verdict in favor of
appellee for $2,708.33, upon which judgment was ren-
dered.   From such judgment the executor appeals.   It
was shown conclusively that the testatrix elected to take
under the will of James A. Crowley, and that the bank
stock mentioned in the will was the same stock trans-
ferred by said James to the testatrix on the 26th day of
November, 1878 ; also, that the testatrix sold the stock
and converted the proceeds to her own use.   Upon these
facts the court directed the jury to return a verdict in fa-
vor of the appellee, to which appellant excepted.

Where the evidence clearly establishes the right of the
plaintiff to recover without contradiction, and no defense
is proven against such right, it is proper for the court to
direct a verdict for the plaintiff, but not otherwise.   *Haz-
zard* v. *Citizen's State Bank,* 72 Ind. 130 ; *Beckner* v. *River-
side, etc., Co.,* 65 Ind. 468.   It is very earnestly insisted on
behalf of appellant that the transfer of the stock to the testa-
trix on the 26th day of November, 1878, was a valid gift,
and conferred upon her an absolute and indefeasible title
thereto and that James A. Crowley had no right to after-
wards dispose of it by will.   This may be conceded, but
when the testatrix elected to avail herself of the benefits
of her husband's will, she was thereby estopped to deny
his right to dispose of the bank stock, though the title
was in her.   The doctrine of election is of equitable or-
igin, and is universally recognized in this country and

England. There can be no election unless the testator confers some benefit upon the devisee, and by the terms of the will assumes to dispose of some right of the latter. Election consists in the exercise of the choice thus offered the devisee of accepting the devise and surrendering that right of his which the will undertakes to dispose of, or retaining such right and rejecting the devise. He can not have both. If he elects to take under the will, he is bound to give effect to all of its provisions and perform the burdens attached to his benefit. If one conveys land to A as a gift, and, by the same instrument or as part of the same transaction, gives A.'s horse and carriage to B, A is required to elect whether he will accept the land and give up his horse and carriage, or retain them and reject the land. If he accepts the benefit he is estopped to deny the donor's right to dispose of his horse and carriage; and, by such acceptance, the title to the chattels at once vests in B. *Thomas* v. *Thomas*, 108 Ind. 576; *Ridgeway* v. *Manifold*, 39 Ind. 58; *Sheddon* v. *Goodrich*, 8 Ves. 481; *Arnold* v. *Gilbert*, 3 Sand Ch. 531; *Havens* v. *Sackett*, 15 N. Y. 365; *Painter* v. *Painter*, 18 O. 247; 2 Redfield Wills, p. 359; Pomeroy Eq. Jur., sec. 461 *etseq.* Applying this doctrine to the case in hand, when the testatrix accepted the benefits of her husband's will, she was bound to give effect to its adverse provisions, and was estopped to deny his right to dispose of the bank stock.

A number of questions arising upon the admission and rejection of evidence are discussed by counsel for appellant, but in view of the fact that appellee was entitled to recover upon the theory we have indicated, such questions are immaterial. No ruling the court could have made respecting them would have affected the result of the suit.

It is also argued that if the testatrix had no right to sell the stock, the purchaser obtained no title thereto, and appellee's remedy was against him for the stock. If the

transfer conferred no greater right upon the purchaser than the testatrix had, the appellee was not bound to follow the stock. She had the right to sue for its conversion, as she has done, and treat the title as vested by the sale.

There is no error in the record.   Judgment affirmed.

Filed March 4, 1892.