## HEDRICK *v.* HALL ET AL.

[No. 18,842. Filed October 26, 1900.]

APPEAL AND ERROR.—*Assignment of Error.—New Trial.*—Alleged error of court in refusing to compel a witness to answer a question is not the subject of an independent assignment of error, but must first be presented by motion for a new trial. *pp. 372, 373.*

SAME.—*Judgment.—Default.—Practice.*—Error cannot be predicated upon the action of the court in failing to render judgment against defendants who failed to appear or were defaulted, where plaintiff proceeded to trial against the other defendants, as if no default had been made, and did not ask for judgment by default against those who failed to appear. *p. 373.*

SAME. — *Assignment of Error.—New Trial.*—Assignments that the finding of the court is contrary to the evidence, and contrary to law, are not subjects of independent assignments of error, but are causes for a new trial, and must be presented on appeal under motion for a new trial. *p. 373.*

FRAUDULENT CONVEYANCES.—*Evidence.*—A conveyance of real estate will not be set aside as fraudulent as against creditors, where the evidence showed that the conveyance was made upon a valuable consideration, and that the grantee took the same without knowledge of any intended fraud. *pp. 373, 374.*

SAME.—*Exemption.*—A conveyance of real estate will not be set aside as fraudulent against creditors, where the value of the land conveyed did not exceed the amount to which the grantor was entitled as exempt from execution. *pp. 373, 374.*

From the Brown Circuit Court. *Affirmed.*

*Shelby Hedrick,* for appellant.
*R. L. Coffey* and *D. W. Howe,* for appellees.

DOWLING, J.—Suit upon a promissory note executed by the appellees, Peter Hall and Jesse Hall, to the appellant, and to set aside as fraudulent certain conveyances of land alleged to have been made by the said Peter Hall and Jesse Hall, and to subject such lands to the payment of appellant's claim. The record is an imperfect one, and contains none of the pleadings excepting the amended complaint, nor any entry relating to those filed by the de-

fendants below. On the application of the appellant, a change of judge was granted, and an attorney of the Bartholomew Circuit Court was appointed, and proceeded to try the cause. The attorneys for Clara Brown, one of the defendants below, withdrew her appearance, and also withdrew the answers filed on behalf of the said Clara Brown, Elizabeth J. Hall, and Jesse Hall. These persons were then called, and are said to have made default, but no further entry concerning them appears in the record, nor was any judgment against them asked for by the appellant. The cause was tried by the court, and a general finding made in favor of the appellant upon the note sued on, against Peter Hall and Jesse Hall, its makers, and in favor of the other defendants, who were the persons to whom the conveyances alleged to be fraudulent were made.

A motion for a new trial was overruled, and judgment was rendered upon the finding. Mrs. Hedrick, the plaintiff below, appealed, and errors are assigned as follows: "(1) The court-erred in refusing to compel the defendant, Rebecca Axom, to answer plaintiff's question as to where she kept her money while saving it up, and how she earned or got the money to pay $800, cash, on the farm to her father; (2) the court erred in overruling appellant's motion for a new trial; (3) the court erred in his finding and judgment for the defendants, Elizabeth Jane Hall, Jesse Hall, Peter Hall, Clara Brown, and Jesse Sinn, when they made a default by not appearing to this action, by denying judgment for appellant on their default; (4) the verdict of the court was contrary to the evidence; (5) the findings of the court were contrary to law."

The first error assigned is not available to the appellant, because it was not set out in the motion for a new trial as one of the reasons therefor.

The general rule of appellate practice is that matters which constitute grounds for a new trial must first be presented by motion for that purpose, and cannot be assigned

as independent errors. As the rulings of the court referred to were not among the reasons given for a new trial, and as they cannot be assigned as independent errors, we cannot examine them on this appeal. *Zimmerman* v. *Gaumer,* 152 Ind. 552, and cases cited; *Hunt* v. *Listenberger,* 14 Ind. App. 320.

The appellant is not in a situation to take advantage of the error, if error occurred, in the failure of the court to render a judgment against the defendants, Elizabeth Jane Hall, Jesse Hall, Peter Hall, Clara Brown, and Jesse Sinn, upon their supposed default. The record does not show that Peter Hall and Jesse Sinn failed to appear. The appellant neither took, nor at any time asked for, a judgment against the persons who failed to appear, or whose answers were withdrawn. She proceeded to trial, and the evidence was introduced on behalf of both the plaintiff and the defendants below as if no default had occurred. The demand for judgment against the defaulting parties is made for the first time in this court, and, therefore, it comes too late.

The *fourth* and *fifth* assignments of error, viz., that the finding of the court is contrary to the evidence, and contrary to law, state causes for a new trial, and are properly set out in the motion therefor, but they should not have been assigned as errors.

The *second* error assigned is that the court erred in overruling appellant's motion for a new trial. Two causes only are mentioned in the motion. These are that the finding of the court is contrary to the evidence, and that it is contrary to law. No question is presented upon this assignment excepting that of the sufficiency of the evidence to sustain the finding. We have examined the record and found that there was a total failure of proof on the part of the appellant as to the fraud charged upon the appellees. There was evidence showing that each conveyance of land was made upon a valuable consideration; that the grantees took the same without knowledge of any intended fraud, and

that the value of some of the interests conveyed did not exceed $600, the amount exempted from execution by statute. *Blair* v. *Smith,* 114 Ind. 114, 5 Am. St. 593; *Isgrigg* v. *Pauley,* 148 Ind. 436; *Rockland Co.* v. *Summerville,* 139 Ind. 695; *Fulp* v. *Beaver,* 136 Ind. 319; *State, ex rel.,* v. *Osborn,* 143 Ind. 671.

We are not at liberty to weigh the evidence; but, if we were, we could not avoid the conclusion that it fully sustains the finding of the court. Judgment affirmed.