## McCardle et al. *v.* The Aultman Company.

[No. 4,220.   Filed April 28, 1903.]

Judgments.—*Title.*—*Corporations.*—*Receivers.*—A complaint in a suit on a judgment alleging that the judgment was rendered in favor of an Ohio corporation, and that thereafter said corporation went into the hands of a receiver and the receiver was ordered by the court to turn over to a commissioner, who was ordered to sell the same, all of the property of the corporation; that the property was transferred and sold as directed, and afterward sold and transferred by the purchaser to plaintiff, shows that plaintiff was the owner of the equitable title to the judgment, and as such owner it had the right to sue on the judgment. *pp. 64, 65.*

Same.—*Equitable Ownership.*—*Enforcement.*—*Parties.*—Where the owner of the equitable title to a judgment rendered in favor of an insolvent corporation brought suit to enforce such judgment, it was necessary, in order to bind the legal title, that the said corporation, its assignees, and receivers, be made parties. *p. 65.*

Same.—*Equitable Ownership.*—*Enforcement.*—*Evidence.*—*Directing Verdict.*—Where, in an action on a judgment by the assignee thereof, the plaintiff introduced in evidence the original judgment and the equitable assignment thereof to plaintiff, and no evidence was introduced in defense, it was proper to direct a verdict for plaintiff. *p. 66.*

From Ohio Circuit Court; *N. S. Givan*, Judge.

Action by the Aultman Company against Nathan Mc-Cardle and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. B. Coles* and *Cynthia Coles*, for appellants.

*S. H. Stewart, A. C. Ayers, A. Q. Jones* and *J. E. Hollett*, for appellee.

Roby, C. J.—The Aultman Company, an Ohio corporation, sued the appellant Nathan McCardle upon a judgment alleged to have been rendered against him on January 17, 1884, in the Ohio Circuit Court, in favor of C. Aultman & Co., and to remain due and unpaid. It is further averred that in December, 1893, in a suit against C. Aultman & Co., brought in the court of common pleas of Stark county, Ohio, defendant Lynch was appointed receiver for C. Aultman & Co.; that afterwards, appellant Doll was appointed a special commissioner, and the receiver and C. Aultman & Co. were ordered to turn over, transfer, and deliver to said commissioner, and the commissioner was ordered to sell the real estate, personal property, and all bills, choses in actions, claims, debts, dues, and demands, held by and owing to C. Aultman & Co., or in the hands of the receiver, or to which either was entitled; that on February 16, 1895, the commissioner sold all of said property to William W. Clark, and on February 26, pursuant to an order of court, the commissioner did assign and transfer all of said property to said Clark; that the judgment sued on in this action was not assigned in the record, and was not specially mentioned, but was included in the sale and transfer to Clark; that afterward Clark sold and transferred all the property purchased from the commissioner, including the judgment sued on, to the Aultman Co. It is also alleged that appellee is the absolute and equitable owner of the judgment; that appellants, Lynch, receiver, Doll, commissioner, Keeney, receiver, and C. Ault-

McCardle *v.* Aultman Co.

man & Co., have no interest therein; that Keeney, as receiver of C. Aultman & Co., was claiming some right to collect the judgment, and was made a party for that reason. Defendants, C. Aultman & Co., Lynch, and Doll, appeared to the action, and disclaimed interest in the judgment sued upon. Keeney filed an affirmative answer setting up his appointment by the Marion Circuit Court as receiver of and for the property of C. Aultman & Co. in Indiana. Reply in denial was made thereto. Appellant McCardle demurred to the amended complaint: (1) For want of facts; (2) because the plaintiff had no legal capacity to sue. Demurrer overruled. Appellant McCardle's motion to strike out the answer of C. Aultman & Co. overruled. Trial by jury. Verdict for plaintiff. Motions for new trial and in arrest of judgment overruled. Judgment on verdict. Exceptions by McCardle to each adverse ruling.

The errors assigned and not waived are that the court erred in overruling the demurrer to the amended complaint, motion to strike out the answer of C. Aultman & Co.; and motion for a new trial.

The facts stated in the amended complaint were sufficient to show that appellee was the owner of the equitable title to, and, as such owner, had a right to sue upon, the judgment. *Wood* v. *Wallace,* 24 Ind. 226; *Kelley* v. *Love,* 35 Ind. 106; *Shirts* v. *Irons,* 54 Ind. 13; *Adams* v. *Lee,* 82 Ind. 587, 589; *Snell* v. *Maddux;* 20 Ind. App. 169.

The judgment having originally been rendered in favor of C. Aultman & Co., they held the legal title when the present action was instituted; and it was necessary, to bind that title, that the said company, its assignees and receivers, be made parties. *Nelson* v. *Johnson,* 18 Ind. 329, 333; *Chicago, etc., R. Co.* v. *Higgins,* 150 Ind. 329; *Carskaddon* v. *Pine,* 154 Ind. 410.

The complaint, alleging the recovery of the judgment in the Ohio Circuit Court, the equitable assignment thereof

to appellee, that the judgment remained due and unpaid, and the holder of the legal title and its assignees and receivers being made parties thereto, was sufficient to withstand the demurrer of the person against whom the judgment was originally rendered, and it was not error for the court so to hold. Neither did the court err in overruling' the motion for a new trial.

Appellee, to sustain the allegations of its complaint, introduced the judgment recovered by C. Aultman & Co. against McCardle, of record in the Ohio Circuit Court, the deed and .transfer of Doll, commissioner, to Clark, and the transfer of Clark to appellee. No evidence was introduced by appellants. The court instructed the jury that, under this evidence, appellee was entitled to recover the amount of the judgment, with six per cent. interest thereon to the time of the trial. There was no dispute about the evidence, and it was sufficient to sustain the material allegations of the complaint. No defense was made or attempted. Under such circumstances the instruction was properly given. *Hazzard* v. *Citizens State Bank,* 72 Ind. 130, and cases cited; *Moore* v. *Baker,* 4 Ind. App. 115, 117, 51 Am. St. 203.

Neither did the court err in refusing to give instructions requested by appellant. They were not applicable to the evidence. Neither did the court err in refusing to strike out the answer of C. Aultman & Co. Appellant was not injured thereby. His interest could not in any way be prejudiced by such ruling. One payment of the judgment will release him from all liability to anyone. A correct result was reached. *Wortman* v. *Minich,* 28 Ind. App. 31.

Judgment affirmed.