Krabbe *v.* City of Lafayette—70 Ind. App. 428.

---

## Krabbe *v.* City of Lafayette.

[No. 9,928.   Filed June 5, 1919.]

1.  APPEAL.—*Questions Reviewable.—Briefs.*—Where neither the motion to make the complaint more specific, the complaint itself, nor the demurrer to the complaint or memorandum required to be filed therewith are set out in the appellant's brief, error assigned on the overruling of the motion and demurrer presents no question for review on appeal. p. 430.

2.  APPEAL.—*Questions Reviewable.—Briefs.—Failure to Set Out Instructions.*—Where none of the instructions given or refused, of which complaint is made, are set out in appellant's brief, as required by rules of the Appellate Court, no question is presented for review on appeal by error assigned on the giving or refusal of such instructions. p. 431.

3. APPEAL.—*Briefs.*—*Waiver of Error.*—Grounds for a new trial are waived by appellant's failure to refer to them in his brief under his statement of points and authorities. p. 431.

4. TRIAL.—*Directing Verdict.*—*Evidence.*—If there is a conflict in the evidence on any material point, or, if the evidence adduced, there being no conflict therein, is not sufficient legally to support a verdict, it is error for the court to direct a verdict for plaintiff. p. 431.

5. MUNICIPAL CORPORATIONS.—*Officers.*—*Money Wrongfully Acquired.*—*Right of City to Recover.*—Where a city authorized the city clerk to employ a deputy and appropriated $700 for salary, and the deputy received such amount as salary, but, on the clerk's demand, turned over to him the difference between such amount and the salary he stipulated that she should receive when employed, such difference belonged to the city, and it could maintain an action for money had and received for the recovery thereof. pp. 432, 434.

6. MONEY RECEIVED.—*Action.*—*Grounds.*—The action for money had and received lies whenever one person has money which legally or in equity and good conscience belongs to another. p. 434.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by the city of Lafayette against Albert J. Krabbe. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Arthur D. Cunningham* and *Thomas W. Field,* for appellant.

*E. Burleigh Davidson* and *George P. Haywood,* for appellee.

ENLOE, J.—Action by appellee against appellant for money had and received. The complaint was in two paragraphs, to each of which demurrers were filed and overruled, and appellant answered by general denial.

' The issues thus formed were submitted to a jury. which, under instructions from the trial court, returned a verdict in favor of appellee, upon which the court rendered judgment. The appellant's motion for a new trial was overruled, and he duly excepted.

There are eighteen specifications in appellant's assignment of errors, but only the following are proper assignments, and therefore the only ones to be considered, viz.: (1) "The court erred in overruling defendant's motion to make paragraph one (1) of the complaint more specific." (2) "The court erred in overruling defendant's motion to make paragraph two (2) of the complaint more specific." (3) "The court erred in overruling defendant's demurrer to the first and second paragraphs of the complaint and each of them." (18) "The court erred in overruling defendant's motion for a new trial."

As to the first, second and third assignments of error, neither the motion to make the complaint more specific, the complaint itself, nor the demurrer to complaint or memorandum required to be filed therewith, are copied, or set out in the appellant's brief, and we are left entirely to conjecture as to what they or either of them contained, and therefore neither of these assignments present any question for our consideration. *New Albany Nat. Bank* v. *Brown* (1916), 63 Ind. App. 391, 114 N. E. 486; *Chaney, Admr.,* v. *Wood* (1917), 63 Ind. App. 687, 115 N. E. 333; *Robinson* v. *Horner* (1916), 62 Ind. App. 456, 113 N. E. 10; *Harrold* v. *Whistler* (1916), 60 Ind. App. 504, 111 N. E. 79; *Gary, etc., R. Co.* v. *Hacker* (1915), 58 Ind. App. 618, 108 N. E. 756; *Steel* v. *Yoder* (1915), 58 Ind. App. 633, 108 N. E. 783; *Haugh* v. *Haywood* (1919), 69 Ind. App. 286, 121 N. E. 671.

Appellant's motion for a new trial contained sixteen separate specifications, or reasons therefor, of these only the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth are proper reasons to be assigned in such motion. §585 Burns 1914, §559 R. S. 1881.

Of the above specifications, Nos. 4 and 5 relate to the giving of instructions, and Nos. 6, 7, 8, 9 and 10 relate to the refusal of the court to give certain instructions tendered by appellant.

None of the instructions, either of those given or refused, of which complaint is made, are set out in appellant's brief, as required by the rules of this court, and therefore no question is presented for our consideration. *Traylor* v. *McCormick* (1917), 63 Ind. App. 695, 115 N. E. 346.

The eleventh and twelfth reasons for a new trial are waived by appellant's failure to refer to either of them in his brief, under his "Statement of Points and Citation of Authorities," and they are each therefore waived. *Chicago, etc., R. Co.* v. *Biddinger* (1916), 63 Ind. App. 30, 113 N. E. 1027.

The third specification in the motion for a new trial challenges the correctness of the action of the court in directing the jury to return a verdict for the plaintiff.

If there was a conflict in the evidence in this case on any material point, or if the evidence adduced, there being no conflict therein, was not sufficient legally to support a verdict, the court erred in directing a verdict.

In the case of *Moore, Exr.,* v. *Baker* (1891), 4 Ind. App. 115, 30 N. E. 629, 51 Am. St. 203, the court said: "Where the evidence clearly establishes the right of the plaintiff to recover without contradiction, and no defense is proven against such right, it is proper for the court to direct a verdict for the plaintiff, but not otherwise." *McCardle* v. *Aultman Co.* (1903), 31 Ind. App. 63, 67 N. E. 236; 15 Cyc 254.

With the foregoing rules in mind, we will proceed to examine the evidence upon which the verdict in this case rests.

We find from the record that in May, 1905, the appellee city passed an ordinance "authorizing and empowering the city clerk to employ a deputy for his office"; that for the four years, from January, 1910, to January 5, 1914, the appellant was city clerk of appellee city; that on October 3, 1910, appellee passed an appropriation ordinance, for the year 1911, and therein and thereby appropriated for "salary for deputy clerk, when employed $700.00"; that for the year 1912, appellant, by appropriation ordinance duly passed, appropriated for salary of deputy clerk when employed $700; that the same amount was also appropriated annually, by ordinance duly passed, for the years 1913 and 1914, for salary for deputy clerk when employed; that one Elizabeth Yonker Reule began working as clerk in the office of the city clerk, under the appellant in June, 1911; that she served continuously thereafter as such deputy during the time appellant was city clerk; that she was hired as such deputy by appellant; that he offered her a salary of eight dollars per week, which she agreed to accept, that she received eight dollars per week for her services as deputy clerk from the beginning of her employment up to January 1, 1913; that during the year of 1913 she received a salary of nine dollars per week; that during the first half of her employment she received her salary weekly, and later was paid monthly; that she was paid by warrant drawn by the city comptroller of appellee city; that during the time she was so employed she drew compensation from appellee city at the rate of $700 per

year, turning over to appellant the difference between her stipulated salary and the amount received by her from said city; that the appellant demanded of his said deputy that she turn over to him all of the salary drawn in excess of the stipulated weekly wage, telling her that such excess belonged to him; that such was the custom, and former city clerks had received the money that way, and that he was doing it with the council's permission; that appellant had kept all the money thus given to him; that said Elizabeth Yonker Reule never received any written appointment, nor took any oath of office as deputy city clerk; that she supposed the excess over salary which she received from the appellee, by warrant, rightfully belonged to appellant; that she performed the work of deputy clerk while in the office of appellant; that each and all the warrants by which said Elizabeth Yonker Reule was paid were drawn against the appropriation made by appellee for payment of salary of deputy clerk; that the said warrants were drawn by the comptroller of said city at the direction of said appellant.

There is no dispute as to the ultimate facts of this case, but the real contention arises over the application of the law thereto.

The appellant insists that under the facts of this case the money in question is not the money of appellee city; that it either belongs to the girl, Elizabeth Yonker Reule, or to the appellant, and, if it rightfully belongs to either of said parties, this action will not lie. This contention necessitates a consideration of the evidence, that we may determine to whom this money belongs.

The action for "money had and received" lies whenever one person, defendant, has money which

legally, or *in equity and good conscience,* belongs to another, the plaintiff; and, unless the money in question, either legally, or in equity and good conscience, belongs to appellee city, this action cannot be maintained.

Under a fair construction of the evidence in this case, Elizabeth Yonker Reule was hired by appellant to act as a clerk in his office, at a stipulated salary, at the beginning of eight dollars per week. Had this sum, and later the salary of nine dollars per week been paid to her, by warrant of said city duly drawn and paid, no one will for a moment contend that she could have maintained an action against appellee for a balance of salary, the difference between what she thus received and the amount appropriated by appellee to pay such salary. Evidently the money in question did not, and does not, belong to her.

Does it belong to appellant? It most certainly does not. It did not rightfully pass into the hands of the clerk, the stipulated wage agreed upon was all that she could rightfully receive. She had no title or right to this money so paid to her in excess of her stipulated salary, either legal or equitable, and by turning it over to appellant, under such circumstances as disclosed in this record, she could confer no rights therein to him. The time has passed when conduct, on the part of public officials, such as is disclosed in this record, will be allowed to pass unnoticed. Office holders must understand that *"a public office is a public trust, and the official is the trustee thereof for the people."*

No error has been presented, and the judgment is therefore affirmed.