## HAMKE *v.* STATE OF INDIANA.

[No. 23,659.    Filed May 28, 1920.    Rehearing denied October 15, 1920.]

1. APPEAL.—*Assignment of Error.*—*Grounds for New Trial.*—The independent assignment as error of matter properly cause for a new trial is unavailing.  p. 534.

2. CRIMINAL LAW.—*Trial.*—*Argument.*—Under §2136 Burns 1914, cl. 4, Acts 1909 p. 257, it is error for the trial court to refuse to instruct the jury at the close of the opening argument, where the accused declines to argue the case and moves the court to instruct the jury.  p. 534.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Prosecution by the State of Indiana against William A. Hamke. From a judgment of conviction, the defendant appeals. *Reversed.*

*Harry R. Lewis,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

MYERS, C. J.—In the Knox Circuit Court appellant by affidavit was charged with the crime of arson. Acts 1905 p. 584, §2260 Burns 1914. To this affidavit appellant entered a plea of not guilty, and also a special

plea of insanity was filed. He was tried by a jury and convicted. Following the overruling of his motion for a new trial, he was sentenced to imprisonment in the state's prison for a period of from two to twenty-one years and fined $500.

1. In this court appellant has assigned fourteen errors, twelve of which are properly cause for a new trial, and as independent assignments they are unavailing.

One of the remaining two assignments is waived, and the other is based on the action of the court in overruling his motion for a new trial. This motion contains fifteen causes. In view of our conclusion as to one of these causes, it will be unnecessary for us to rule upon the others, for it is doubtful if they would again arise on a retrial.

2. As a cause for a new trial, appellant earnestly contends that the court erred in refusing to instruct the jury at the close of the opening argument of the prosecuting attorney. It appears from the record that at the close of the evidence the court allowed an hour and a half on each side for counsel to argue the case to the jury. At the close of the opening argument by the prosecuting attorney, counsel for the defendant declined to argue the case and moved the court to instruct the jury. This motion was overruled. Other counsel for the state, over the objection of appellant, was then permitted to proceed with the argument, and at the close of which the jury was instructed.

Under this showing we hold that the court erred in refusing to instruct the jury at the close of the opening argument for the state, as requested by counsel for defendant. §2136 Burns 1914, cl. 4, Acts 1909 p. 257.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.