WILLIS *v.* STATE OF INDIANA.

[No. 26,645. Filed November 17, 1936.]

*Charles P. Sutt* and *Josiah B. Ganthright,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Henry R. Wilson, Jr.,* and *Warren W. Martin,* Assistant Attorneys-General, for the State.

HUGHES, C. J.—The appellant was convicted of auto-

mobile banditry, and appeals to this court for a ▪▪ reversal of the judgment. His assignment of errors is as follows:

"1. The failure of the trial court to permit this appellant to introduce evidence in his behalf which evidence was competent and relevant.

2. Because the trial court permitted evidence to go to the jury which was incompetent and inadmissible.

3. Failure of the trial court to sustain appellant's motion, at the conclusion of the State's evidence for a directed verdict in his behalf.

4. Prejudicial and highly inflammatory argument of the assistant state's attorney in his closing argument to the jury when the appellant had no opportunity to contradict same.

5. Errors of law committed by the trial court in its instructions to the jury.

6. Because the verdict is not sustained by the law and evidence, and the weight of evidence is favorable to this appellant."

The record and brief fail to show that appellant filed a motion for a new trial and each of the assignments of error charges error in matters occurring at the trial, and cannot be independently assigned as errors. Section 9-1903, Burns' Ind. St. 1933. The errors assigned are properly causes for a new trial, and are unavailing. *Hamke* v. *State of Indiana* (1920), 189 Ind. 533, 127 N. E. 407; *Flannigan* v. *State of Indiana* (1922), 192 Ind. 19, 134 N. E. 885.

There is a total failure of the appellant's brief to comply with the rules of this court. There is no statement in the brief showing how the issues were ▪ decided, or what the judgment and decree was. Neither does the brief contain under the heading "Propositions and Authorities" a copy of each assigned error relied on, stating its number as designated in the original assignment of errors, together with separately numbered or lettered points and authorities.

The appellant has failed to present any question for review.

Judgment affirmed.