PADOL ET AL. *v.* HOME BANK & TRUST CO., ETC. ET AL.

[No. 16,386.   Filed June 19, 1940.   Rehearing denied
October 15, 1940.]

*Frank A. Rondinelli,* of Gary, for appellants.

*Edgar J. Call* and *Kenneth Call,* both of Gary, for appellees.

LAYMON, P. J.—Appellants instituted this action in the Lake Circuit Court, cause No. 26,705, to set aside a default judgment rendered against them in the Lake Circuit Court in civil cause No. 22,001, entitled *Home Bank & Trust Company and Lawrence H. Prybylski, as trustee,* v. *John Padol, et al.*

Appellants alleged that said judgment was taken through their mistake, inadvertence, surprise and excusable neglect. Appellees, who were plaintiffs in the original action, were made defendants, and service by publication was had upon them. Failing to appear, appellees were defaulted, and judgment was entered on the 4th day of October, 1938, vacating and setting aside the judgment theretofore rendered in civil cause No. 22,001.

On December 19, 1938 (at a subsequent term of the court), appellees made written application to have the judgment taken against them in the present action (cause No. 26,705,) opened in order that they be permitted to defend and tendered an answer in general denial to the complaint. The application was supported by an affidavit reciting that the only notice given to appellees was by publication in the newspaper and that they had no actual notice of the pendency of the action in time to appear in court and defend the same or object to the judgment.

Upon the filing of the application and affidavit, the court fixed the time for hearing and ordered that five days written notice be given appellants of the time and place of the hearing. Notice was given. Appellants appeared by counsel and unsuccessfully sought

to abate the action to open the judgment upon the ground that the statute (§ 2-2601, Burns' 1933,) authorizing the opening of judgments rendered upon constructive service does not apply to a proceeding to set aside judgments taken through inadvertence, surprise or excusable neglect. Appellants moved to strike out the affidavit accompanying the application and also demurred to the application for want of facts.

The motion and demurrer having been overruled, the issues presented by the application and an answer in two paragraphs addressed thereto were submitted to the court for hearing, resulting in the opening of the default judgment taken in the present action, thus permitting appellees to defend. Appellees' answer was filed, and the cause proceeded to trial, resulting in a finding and judgment adverse to appellants, that they take nothing by their complaint, and that appellees recover costs. It is from this judgment that appellants have appealed.

Error is assigned upon the action of the trial court in overruling appellants' plea in abatement, in overruling their motion to strike out the affidavit attached to the petition to open the judgment, in overruling their demurrer to the petition, and error in opening the judgment and permitting appellees to defend.

Appellants insist that to proceed under the statute to open a judgment rendered on constructive service at a preceding term of court, it is necessary to file an independent action causing summons to be issued as in an ordinary civil action and to show a meritorious defense, otherwise the trial court is without jurisdiction to proceed.

The statute involved provides:

Section 2-2601, Burns' 1933. "Parties against whom a judgment has been rendered without other

notice than the publication in a newspaper as herein required, except in cases of divorce, may, at any time within five (5) years after the rendition of the judgment, have the same opened, and be allowed to defend."

Section 2-2602, Burns' 1933. "Before any judgment shall be opened, such party shall give notice to the original complainant, or his heirs, devisees, executors or administrators, of his intention to make application to have the judgment opened as the court, in term, or the judge thereof, in vacation, shall require; and shall file a full answer to the original complaint, and an affidavit stating that during the pendency of the action, he received no actual notice thereof in time to appear in court and object to the judgment; and shall also pay all such costs of the action as the court shall direct."

Obviously this statute contemplates that the proceedings shall be had in the same court in which the judgment sought to be vacated was rendered. See ██ *Christ* v. *Jovanoff* (1926), 84 Ind. App. 676, 151 N. E. 26, 152 N. E. 2. Whether the application be filed under the title of the cause in which the original judgment was rendered or as an independent action matters not, as it will be treated as an independent proceeding if begun after the close of the term in which said judgment was rendered. See *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508.

This statute has expressly made provision for the procedure to be followed. The statute does not require the issuance and service of summons as in an ██ ordinary civil action, but such notice as the court in term or the judge thereof in vacation shall require. The statute also provides for the filing of a full answer to the original complaint. The answer may be filed at the time of the entry of the order opening the judgment, but as a matter of practice the

answer should be tendered with the application. *Bryant* v. *Richardson* (1890), 126 Ind. 145, 25 N. E. 807. And it is not incumbent upon the applicant to show that the original judgment was wrong. *Gary Hobart, etc., Co.* v. *Earle* (1922), 78 Ind. App. 412, 135 N. E. 798.

In cases of this character wherein judgments are founded upon notice by publication, the courts have treated the statutes providing for relief from such judgments as mandatory in character, and the court to which the application is made has no discretion in the matter of granting the relief prayed for when the complaining party fairly brings himself within the terms of the statute. *Gary Hobart, etc., Co.* v. *Earle, supra.*

Furthermore, appellate courts are very reluctant to disturb the trial court's action in setting aside a default and permitting a trial on the merits. *Neat* v. *Topp* (1912), 49 Ind. App. 512, 97 N. E. 578.

Appellants contend that the affidavit attached to the application does not meet the requirements of the statute inasmuch as it was signed and verified by appellees' attorney and not by appellees personally, and that it does not disclose all of the required facts.

In determining whether or not there has been a compliance with the statute involved, it must be borne in mind that the statute under which appellees were proceeding is remedial in character and should be liberally construed. It is not essential that each applicant swear to the facts required to be set forth in the affidavit, but the affidavit may be made by anyone knowing the facts, for and on behalf of all concerned. *Knotts* v. *Tuxbury* (1919), 69 Ind. App. 248, 117 N. E. 282. The affidavit contained all of the necessary facts, the truth of which was not disputed.

Appellees complied with the statute, and, upon the showing made, the trial court was authorized to open the judgment and permit appellees to defend.

We find no merit in the contention that the statute providing for the opening of judgments rendered upon constructive service does not apply to a proceeding to set aside and vacate another judgment taken through mistake, inadvertence and excusable neglect as authorized by § 2-1068, Burns' 1933.

In the present action no motion for a new trial was filed. Appellants have attempted to assign as error that the finding of the court is not sustained by sufficient evidence and is contrary to law. Such errors are proper grounds for a new trial, and an independent assignment of such errors on appeal presents no question.

We find no error in this record. The judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 917.