HARLOS *v.* CURRIE ET AL.

[No. 18,195.   Filed October 5, 1951.]

*Jess B. Fields,* of Bloomington, and *William T. O'Neill,* of Spencer, for appellant.

*Evens & Baker,* of Bloomington, and *Hickam & Hickam,* of Spencer, for appellees.

MARTIN, C. J.—This is an action brought by appellant against appellees on an account and to foreclose a materialman's lien. Judgment was rendered for appellant upon his complaint.

The sole assignment of errors made by appellant in this cause is: "The finding of the Court is contrary to law."

Appellees filed a motion to dismiss the appeal, contending, among other things, that the assignment of errors presents no question for our determination. Rule 2-6 provides that, "Amendments may be permitted upon such terms as the court shall direct." Although the appellant's attention has been directed to the insufficiency of his assignment of errors he has made no request for permission to amend the same.

The reasons assigned in the motion to dismiss are not grounds for dismissal because they are not jurisdictional. However, where the statute contemplates a motion for new trial it is settled by a long line of authorities that an independent assignment of error that the finding or decision of the court is contrary to law presents no question and where no other assignment is made the judgment must be affirmed. *LaSalle Extension University* v. *Kronewitter* (1949), 119 Ind. App. 341, 86 N. E. 2d 707; *Greenwell* v. *Cunningham* (1948), 118 Ind. App. 251, 76 N. E. 2d 684; *Hedrick* v. *Hall* (1900), 155 Ind. 371, 58 N. E. 257; *B. S. Pearsall Butter Co.* v. *Gibbon* (1922), 78 Ind. App. 308, 135 N. E. 492; *First National Bank* v. *McCoy* (1923), 80 Ind. App. 613, 141 N. E. 795; *Loeser* v. *Goldberg* (1932), 95 Ind. App. 52, 182 N. E. 462; *Padol* v. *Home Bank & Trust Co.* (1940), 108 Ind. App. 401, 27 N. E. 2d 917.

Where an assignment of error presents no question for review the judgment will be affirmed. Therefore appellees' motion to dismiss the appeal is overruled, and the judgment of the court below is affirmed.

NOTE.—Reported in 100 N. E. 2d 901.