ATKINSON v. The R. B. HAMILTON. See Case No. 611.

## Case No. 617.

### ATKINSON v. ROBBINS.

[5 Cranch, C. C. 312.] [1]

Circuit Court, District of Columbia. May Term, 1837.

EXECUTORS AND ADMINISTRATORS—COMPENSATION —FEDERAL COURTS.

1. The orphans' court for the county of Alexandria has authority under the law of Virginia, to regulate and fix the compensation of an executor in settling the estate; and for that purpose may order an inventory to be taken and an appraisement to be made, although the will directs that no inventory should be taken.

2. The rights of the parties under the will are to be decided by the law of Virginia; the powers and jurisdiction only of the court, are to be ascertained by the law of Maryland, referred to by the act of congress erecting the orphans' court.

Appeal from the orphans' court for the county of Alexandria, allowing the executor for his compensation seven and a half per cent. on the appraisement of the stock in trade, which the testator directed not to be appraised, and to be kept in trade to be carried on by one of his sons for the joint benefit of all the children until it should become necessary to divide it among them. Exception was taken in the orphans' court, by Mr. Semmes, for the legatees, and overruled by the judge, because, he says, the profits cannot be ascertained but by a comparison of the present value of the stock, with the value at the time of division; and because the orphans' court, in practice, proceeds under the Maryland law, which requires an appraisement in all cases.

Mr. Semmes, for the legatees, contended that the orphans' court had no jurisdiction

[1] [Reported by Hon. William Cranch, Chief Judge.]

to have an appraisement made, for the purpose suggested, against the express provisions of the will. The rights under the will must be determined by the law of Virginia. The powers, duties, and jurisdiction of the court only are to be ascertained by the law of Maryland referred to by the act of congress erecting the court. The case of Nicholls v. Hodges, 1 Pet. [26 U. S.] 562, was decided under the express provisions of the Maryland law, which requires the compensation to be made by way of commissions on the amount of the inventory. But there is no statute in Virginia ascertaining the amount of the commissions. The compensation of an executor is by an allowance made by the judges in their discretion according to the circumstances of each case.

Mr. Taylor, contra. By the act of congress of the 27th of February, 1801, § 12, (2 Stat. 103,) the orphans' court in each county is to "have all the powers, perform all the duties, and receive the like fees, as are exercised, performed, and received by the judges of the orphans' court within the state of Maryland." This is not a question of the right of property; it is only of the compensation to the executor for his services. His duties are to be ascertained by the law of Maryland. There is no law in Virginia to regulate the commissions. The practice and forms of proceeding must be governed by the Maryland law. Some commission must be allowed, but without an inventory and appraisement it cannot appear how much. There is no evidence from which this court can say whether the commission is too large. The whole personal estate passes through the hands of the executor, in whom it is vested by law, and the legacies vest only by his assent. He is responsible to the legatees and must finally make a distribution.

THE COURT, (THRUSTON, Circuit Judge, contra,) affirmed the decree of the orphans' court.

CRANCH, Chief Judge, stated his opinion to be, that the rights of all parties under the will are to be decided by the law of Virginia. The powers and jurisdiction, only, of the orphans' court are to be ascertained by the law of Maryland. The rights of the legatees, and of the executor, are to be governed by the law of Virginia. By that law the court is to fix the compensation of the executor. It is a right which the executor has under that law. The court in Virginia is not obliged to give the compensation in the form of commissions; but may take the commissions, (or rather the sum upon which commissions might be charged) as a guide to their discretion. So may the orphans' court here. And the supreme court has decided in Nicholls v. Hodges, 1 Pet. [26 U. S.] 562, that the rate of compensation is exclusively in the cognizance of the orphans' court, and its decision is conclusive.