# NEAT v. TOPP.

[No. 7,509.   Filed February 23, 1912.]

1. JUDGMENT.—*Setting aside for Excusable Neglect.—Discretion.—Appeal.*—The action of the trial court in setting aside a judgment on the ground of excusable neglect, under §405 Burns 1908, §396 R. S. 1881, providing that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * * on complaint or motion filed within two years," will be reversed only where there has been an abuse of discretion. p. 514.

2. JUDGMENT. — *Default. — Setting Aside. — Leaving Defense to Others.—Mechanics' Liens.—Foreclosure.*—Where a contractor sued his employer for the foreclosure of a mechanic's lien on the house that such contractor had completed, making the legal owner of the lot on which the house was erected a party defendant, the employer having contracted for the lot, and the contractor took a default judgment against the legal owner and dismissed as to his employer, it was proper for the court at the next term, on such defendant's petition, to set aside such judgment, where such employer only made the contract, and where he told such owner that he would defend the case, but failed to notify his counsel that they should represent both defendants, and where such employer had filed an action, and successfully prosecuted it, to recover an excess paid to such contractor on the contract. p. 514.

3. COURTS.—*Purposes of.—Decisions on Merits.*—The purpose of a court is to determine, upon its merits, any case brought before it for trial. p. 514.

From Superior Court of Marion County (76,243); *Pliny W. Bartholomew,* Judge.

Petition by Matilda Topp against John Neat. From a judgment for petitioner, defendant appeals. *Affirmed.*

*Milton L. Clawson,* for appellant.

*Remy & Berryhill,* for appellee.

IBACH, P. J.—Error is assigned in the action of the court in setting aside a judgment taken by default against appellee. The facts are, in substance, as follows: Appellee sold to one York a lot, the title to remain in appellee until York

completed a house thereon. Under this agreement to convey, York contracted with appellant to build the house, but when it was completed, and before the final conveyance by appellee, a controversy arose between appellant and York, each claiming that the other owed him money on the building contract, and appellant filed a mechanic's lien, and began this suit to foreclose it, making the building contract the basis of the suit, and joining appellee as defendant, because she was the owner of the lot. Appellee was served with process personally, and thereupon communicated with York, who told her the nature of the suit, said that as it was his controversy he would employ counsel and defend the case for all, and have his attorneys represent her, and she relied on his promises. York employed counsel, but, not understanding the practice as to appearances in court, he did not particularly state to counsel to appear for appellee, and not understanding that they were to represent appellee they entered an appearance for York but not for appellee. On June 26, 1908, a default was entered against appellee, and on August 1, 1908, on the last day of a special term of court, appellant's attorney, knowing at the time that York was the real party in interest, dismissed as to York and his wife, and judgment on default was rendered against appellee. Within about sixty days, at a later term of court, appellee filed her verified petition to vacate the judgment, setting forth the facts substantially as stated, and alleging that she had a good and meritorious defense, in that York had fully paid the claim sued on, and had commenced an action in a justice's court to recover from appellant money overpaid to him on the same contract. Appellant filed a demurrer to appellee's petition, which the court overruled, and sustained the petition, appellant excepting. Afterwards the cause was put at issue on the merits, trial was had, and the court found for appellee, and overruled appellant's motion for a new trial, on the ground that the court erred in overruling his

demurrer to the petition to vacate. It also appears from the briefs of counsel that York recovered a small judgment in his favor in the action between him and appellant on the same contract in the justice's court.

Our statute (§405 Burns 1908, §396 R. S. 1881) provides that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * * on complaint or motion filed within two years." The action of the lower court on a motion to open a judgment will be reversed only when there is an abuse of its discretion. *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175; *Mutual Reserve Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621; *Hoag* v. *Old Peoples Mut. Benefit Soc.* (1891), 1 Ind. App. 28; *Beatty* v. *O'Connor* (1886), 106 Ind. 81; *Clandy* v. *Caldwell* (1886), 106 Ind. 256.

In this case, appellee knew that appellant's right to recover in his action depended on his proving his claim against York, who was defending the suit. She had no reason in any manner to apprehend that appellant might dismiss his suit against York and his wife, the parties with whom he had contracted, and take judgment against her. Knowing that it was not primarily her controversy, but York's, she relied on his promise that the attorneys defending his interests would represent her, and York understood that they were doing so. Whether, under all the circumstances, her conduct was such as would excuse the manner in which she intrusted the defense of her case to another, was a question largely within the discretion of the trial court.

It is not contemplated that under our code a person can take judgment by default against another against whom he has no legal claim, and then after that judgment has been opened, and his claim tried on the merits and defeated, can have the vacated judgment upon default revived, and thus assert against the other an unfounded

claim.  Courts sit primarily for the determination of cases on their merits.  Appellate courts are very reluctant to disturb the trial court's action in setting aside a default and permitting a trial on the merits.  ''Where, as here, the application is made so soon after the default and judgment are taken as that no considerable delay is occasioned by permitting a defense on the merits, where the moving party makes a showing of a defense on the merits which is *prima facie* meritorious; where it is not shown that such action would necessarily result in any injustice to appellant's substantial rights; where, upon the relief being granted, an answer is at once filed putting the case at issue; where it is not shown the party could not have had a full, fair and speedy trial upon the merits; and where there is some showing that the default resulted from excusable neglect and inadvertence; we cannot say there was such an abuse of discretion as would authorize us in disturbing the conclusion reached by the trial court.  And even though there should be some doubt as to the sufficiency of the showing of excusable neglect and inadvertence, we believe, as is said in *Watson* v. *San Francisco, etc., R. Co.* [1871], 41 Cal. 17, in speaking of a similar application, that 'it is better, as a general rule, that the doubt should be resolved in favor of the application.' '' *Masten* v. *Indiana Car, etc., Co., supra.*  Subsequent events show that in this case the discretion of the trial court was not abused, but was well used, and the judgment rightfully opened up.

Judgment affirmed.