HAAS *v.* SCHRUM.

[No. 10,106. Filed November 7, 1919. Rehearing denied January 29, 1920.]

1. JUDGMENT.—*Default.*—*Setting Aside.*—*Meritorious Defense.*— *Evidence.*—*Admissibility.*—In a proceeding upon an application under §405 Burns 1914, §396 R. S. 1881, for relief from a

judgment, where the application shows that the petitioner has a meritorious defense, evidence tending to refute such defense is inadmissible, and if admitted cannot be considered for any purpose. p. 384.

2.  JUDGMENT.—*Default.—Setting Aside.—When Not Discretionary.* —When the facts stated in an application for relief from a judgment under §405 Burns 1914, §396 R. S. 1881, show that the defaulted party has a meritorious defense, and it appears that the default was taken through the mistake, inadvertence, surprise, or excusable neglect of such party, the trial court has no discretion, but must grant the relief. p. 384.

3.  JUDGMENT.—*Default.—Setting Aside.—Service by Copy at Hotel. —No Knowledge of Action.*—One who was served only by copy of summons left at his hotel, but not received by him, and who had no knowledge whatever of the action filed against him until after the default had been taken, was entitled to relief from the judgment under §405 Burns 1914, §396 R. S. 1881. p. 384.

4.  ATTORNEY AND CLIENT.—*Knowledge by Attorney.—Client When Not Chargeable.*—Where one had consulted an attorney as to a claim by another against him, for which claim an action was later begun and a judgment taken by default, the fact that such attorney, before the default was taken, had knowledge of the pendency of the action and had asked his client whether he had been sued, but without mentioning the specific case, are insufficient to charge the client with knowledge that the action had been filed against him. p. 384.

From Marion Superior Court (105,702); *V. G. Clifford,* Judge.

Application for relief from judgment by Louis Haas against Jessie N. Schrum. From a denial of the application, the applicant appeals. *Reversed.*

*Wm. E. Reiley, Robert N. Fulton, Paul G. Davis* and *Carson, Lehman & Faust,* for appellant.

*Allen P. Vestal,* for appellee.

REMY, J.—Application by appellant, under §135 of the Code of Civil Procedure (§405 Burns 1914, §396 R. S. 1881), to be relieved from a judgment taken against him by default. Appellee having filed counter-

affidavits, a hearing was had, resulting in a denial of the petition. This action of the trial court is the only error relied upon for reversal.

Appellant's petition and supporting affidavit show that an action had been commenced by appellee against appellant, and that after service of process, which was by copy left at the hotel where appellant at the time resided, judgment was rendered against appellant; that at the time process was served appellant occupied one of many rooms in a large hotel; that no copy of any summons was left in the room occupied by appellant, and that he did not receive said summons, and at no time prior to the default had he any knowledge of the action. Facts are also set forth showing that appellant has a meritorious defense to the original action, and that the proceeding for relief was promptly instituted when knowledge of the default came to appellant.

To controvert the facts presented by appellant's application, appellee filed a counter affidavit, and at the hearing also offered verbal testimony. The evidence thus submitted tended to show that at the time the summons was served appellant occupied a certain room in the hotel where he resided, and had occupied that particular room continuously for about three months, and continued to occupy such room for some days thereafter; that the deputy sheriff of the county where the action had been commenced had duly served the summons by leaving a copy thereof at said room; that some months prior to the commencement of the action appellant had consulted an attorney as to appellee's claim for which the judgment now sought to be set aside was given; that said attorney, before the default was taken, had knowledge of the pendency of the action, and in a conversation

with appellee's attorney had stated that he had asked appellant ''if he had been sued,'' but ''without mentioning the specific case.'' Evidence was also heard by the court which tended to refute appellant's defense as set forth in his petition.

One who would set aside a default in an action of this character must show (1) that he has a meritorious defense, and (2) that the judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect. *Davis* v. *Steuben School Tp.* (1898), 19 Ind. App. 694, 50 N. E. 1. If the application shows that the petitioner has a meritorious defense, neither counter affidavits nor other evidence are admissible to contradict such showing. *Nord* v. *Marty* (1877), 56 Ind. 531; *Covault* v. *Sanders* (1904), 34 Ind. App. 14, 72 N. E. 163. It follows that the evidence tending to refute appellant's defense was improperly admitted, and cannot be considered for any purpose.

When the facts stated in the application for relief show that the defaulted party has a meritorious defense, and that the default was taken through the mistake, inadvertence, surprise or excusable neglect of such party, the trial court has no discretion, but must grant the relief. *Bush* v. *Bush* (1874), 46 Ind. 70; *Nietert* v. *Trentman* (1886), 104 Ind. 390, 4 N. E. 306.

The evidence in the instant case shows that appellant had no knowledge whatever of the action filed against him until after the default had been taken. The knowledge of the attorney was not, under the circumstances shown by the evidence, notice to appellant. It is not shown that the attorney spoke to appellant about the action which had been begun by appellee.

The trial court erred in overruling appellant's application. Judgment reversed, with instructions to set aside the default, that appellee be permitted to answer the complaint in the original action, and for further proceedings therein.