GARY HOBART INVESTMENT REALTY COMPANY v.
EARLE ET AL.

[No. 11,198. Filed June 12, 1922.]

1. JUDGMENT.—*Judgment by Default.*—*Setting Aside.*—*Application.*—*Sufficiency.*—*Notice by Publication.*—Under §627 Burns 1914, §600 R. S. 1881, as to setting aside judgments rendered without other notice than by publication in the newspapers, and §628 Burns 1914, §601 R. S. 1881, providing that, after giving notice to interested parties, a person having such a judgment opened shall file a full answer to the original complaint, and an affidavit stating that, during the pendency of the action, he received no actual notice thereof in time to appear in court and object to the judgment, where a nonresident defendant, against whom a judgment was rendered on constructive notice only giving a person a tax lien against his property and ordering it sold to satisfy the lien, appeared and gave notice to interested parties and filed a full answer to the original complaint, together with an affidavit that he received no actual notice during the pendency of the original action in which judgment was rendered against him, it was not necessary for him to make a further showing that the judgment rendered against him in the first instance was wrong in order to have that judgment vacated. p. 415.

2. JUDGMENT.—*Judgment Rendered on Notice by Publication.*— *Opening.*— *Statutes.*— *Construction.*— Sections 627, 628 Burns 1914, §§600, 601 R. S. 1881, providing for the opening of judgments rendered without other notice than publication in the newspapers, are remedial in their nature, and should be liberally construed. p. 415.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by the Gary Hobart Investment Company against George Earle and others. After a decree foreclosing a tax lien under sale subsequent thereto at which plaintiff purchased certain land, on application of Emil Rosenthal the decree was vacated and answer filed, and on retrial a decree similar to the first decree was rendered, from which plaintiff appeals. *Affirmed.*

*Wildermuth & Force,* for appellant.

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Frank L. Greenwald,* for appellees.

ENLOE, J.—This was an action by appellant to quiet title to certain real estate in Lake county, Indiana. It appears from this record that on April 22, 1916, the lands in question were sold by the sheriff of Lake county under a decree of the court for the foreclosure of a certain mortgage, and that the appellee, Emil Rosenthal, became the purchaser at such sale and received a certificate as such purchaser; that after purchasing said real estate, he paid certain taxes on said property, which together with the original purchase price aggregated the sum of $8,518.84; that on May 1, 1916, the appellant filed its said complaint herein asking that its title be quieted in and to said lands, and that such proceedings were thereafter had in said suit; that notice thereof was given to the appellees herein by publication, as required by statute; that the appellees are not residents of the State of Indiana; that the appellee, Emil Rosenthal is and was at all times during said proceedings, a resident of the city of Chicago, Illinois; that such proceedings were had in said suit to quiet title, that on June 23, 1916, the cause was submitted to said court for trial, finding and decree upon the default of each and all of said appellees, and upon such trial the court found that the appellant was the owner and holder of a tax deed to said real estate but that said deed was not sufficient to convey the title to said real estate and was invalid and defective, but that appellant had a lien against said real estate by reason of said deed for the taxes paid by it which, with interest thereon, then amounted to the sum of $126.41. The court entered a decree foreclosing said tax lien and ordering said property sold to pay the same if said sum and the costs of the action should not be paid within ten days from said date. The amount of said lien and said costs not having been paid, a copy of the decree was issued to the sheriff of said county, and said land was sold by the sheriff on August 19,

1916, in satisfaction of said decree, at which sale the appellant herein became the purchaser.

On September 11, 1916, the said Emil Rosenthal appeared in court and filed his verified application to set aside said proceedings and judgment and for leave to defend, alleging in said application that he was and had been at all times during the pendency of said proceedings a resident of the city of Chicago, Illinois; that he had no notice or knowledge of said proceedings; or that the said appellant was claiming any interest in, or lien against said real estate; or that said suit had been commenced to quiet appellant's title thereto; or that any judgment had been rendered against him; or that said property had been sold to satisfy said decree until after August 19, 1916; that he did not learn of, or know of the existence of appellant's claim or any of said facts until September 7, 1916.

Other facts were set forth in said application which were not required by the statute as being material thereto, and which are not necessary to be herein set out. With this application was tendered an answer in general denial to plaintiff's complaint. Appellant's demurrer to this application was overruled and appellant duly excepted. The judgment was vacated, an answer filed, and the cause submitted to the court, resulting in a decree in all its essential particulars similar to the first decree, and from this last decree this appeal is prosecuted.

The only error assigned which has been presented and therefore necessary to be considered relates to the action of the court in overruling appellant's demurrer to said application to set aside said default and open up said judgment.

It is provided by §627 Burns 1914, §600 R. S. 1881, that: "Parties against whom a judgment has been rendered without other notice than the publication in the

newspaper herein required, except in cases of divorce, may, at any time within five years after the rendition of the judgment, have the same opened, and be allowed to defend." And §628 Burns 1914, §601 R. S. 1881, provides that: "Before any judgment shall be opened, such party shall give notice to the original complainant, or his heirs, devisees, executors, or administrators, of his intention to make application to have the judgment opened as the court, in term, or the judge thereof, in vacation, shall require; and shall file a full answer to the original complaint, and an affidavit stating that, during the pendency of the action, he received no actual notice thereof in time to appear in court and object to the judgment; and shall also pay all such costs of the action as the court shall direct."

Counsel for appellant in their brief herein, have stated the question presented to us clearly and concisely as follows:

"The only matter we care to argue in this case is the question whether a nonresident defendant against whom there is rendered, on constructive service only, a judgment giving the plaintiff a tax lien against the property of the defendant and ordering the property sold to satisfy the lien may have such judgment vacated without showing that defendant has a meritorious defense and that the judgment is wrong."

It is the contention of counsel for appellant that it was not sufficient for said appellee to simply file a full answer to the original complaint, but that he was required to go farther and show that *the judgment rendered* in the first instance was wrong. We cannot concur in this contention. It is the policy of the law to dispose of cases upon their merits, and to give to the litigants an opportunity to be heard. The above quoted sections of our statute were enacted in the furtherance

of such policy; they are remedial in their nature, and should be liberally construed to effectuate such purpose, and appellate courts are very reluctant to disturb the trial court's action in setting aside a default and permitting a trial on the merits. *Knotts* v. *Tuxbury* (1917), 69 Ind. App. 248, 117 N. E. 282.

In this case, the appellee, Rosenthal clearly brought himself within the provisions of the above quoted sections of our statute, and notice of the time and place of the hearing of such application was duly given to the appellant. For us to say that it was necessary for the appellee, Rosenthal, to state facts in said application showing that the said judgment, which he sought to have set aside, was wrong and that he had a valid defense thereto, would be for us to add terms to this statute not placed there by our legislature.

Suppose that the appellant, recognizing the insufficiency of its said tax deed to convey to it the title to said lands, and therefore insufficient as a basis upon which to found a decree quieting its title, had, instead of filing its original complaint herein to quiet title, filed a complaint asserting its tax lien and asked for the foreclosure of the same, and that said lands be ordered sold to satisfy the same, and that upon the trial a decree, such as asked, had been rendered, and thereafter said lands had been sold, and purchased by appellant at such sale, then, if appellant's contention is correct, the appellee, Rosenthal would have been, though without notice or knowledge of such proceedings, and a nonresident against whom service was had only by publication, wholly without remedy for any relief, and §§627 and 628, *supra*, without, as to him, any force or effect, even though the language used in said sections is broad enough to include *all persons*, not having notice or knowledge, and served only by publication.

By §405 Burns 1914, §396 R. S. 1881, provision is made for the setting aside of a judgment taken against a party through his mistake, inadvertence, surprise, or excusable neglect, and it has been held that it was an imperative duty of the court to set aside the default and permit a trial upon the merits whenever the applicant brought himself within the terms of the statute. *Indiana Travelers', etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242. If this is the rule where a party has been duly served with process, and yet, because of the occurrence of some one or more of the things named, a party does not attend the trial, and a judgment is rendered against him, it strikes us that there are stronger reasons for holding that the provisions of said §§627 and 628, *supra,* are mandatory, and that when a party brings himself, by his application in that behalf, fairly within said statute, the court has no discretion in the matter of granting the relief prayed. We think that for a court to refuse such an application would be to deprive the litigants of a statutory right. *Felts* v. *Boyer* (1914), 73 Ore. 83, 144 Pac. 420.

In the case at bar we have no hesitancy in saying that the appellee, Rosenthal clearly brought himself in his said application within the terms of our statute, and the court did not err in granting said application and in setting aside said judgment.

We find no error in this record. The judgment is affirmed.

McMahan, J., not participating.