ROOKER ET AL. *v.* FIDELITY TRUST COMPANY ET AL.

[No. 23,676. Filed April 20, 1926. Rehearing denied July 2, 1926.]

1. COURTS.—*Jurisdiction after final decree to make further orders to carry into effect the rights established thereby.*— After a final decree on the merits by which the rights of the parties are settled, the court has jurisdiction to make such further orders and decrees as may be necessary to carry into effect the rights established by the decree, and, in order to do so, the court will hear and determine and establish anything necessary to the execution of the final decree. p. 212.

2. JUDGES.—*Official position of special judge does not cease to exist on rendition of the final decree.*—The official position of a special judge does not cease to exist upon the rendition of the final decree establishing the rights of the parties, but he may make any orders or decrees necessary to carry into effect the rights so established and to execute the decree. p. 212.

3. JUDGES.—*Limitation of time for appointment of special judge by Governor.*—The limitation of five days in §451 Burns 1926, §429 Burns 1914, providing for the appointment by the Governor of another special judge when a special judge has ceased to act, is construed to mean that the Governor cannot act until officially notified by the clerk of the court that the regular judge has failed to make an appointment and neither the regular judge nor the clerk is required to act until one of the parties has requested the clerk to notify the Governor of the vacancy, after the lapse of five days from the time the bench was vacated. p. 212.

4. JUDGES.—*Failure to observe statutory technicalities in the appointment of special judge does not render appointment*

*void.*—The failure of the regular judge of a court to select another special judge within five days after a special judge. had resigned, as provided by §451 Burns 1926, §429 Burns 1914, did not require the Governor to make the appointment nor render the action of the regular judge in subsequently making the appointment void, where neither party had requested the clerk to certify the facts to the Governor.   p. 212.

5.   APPEAL.—*Errors made in supplemental proceedings in execution of a decree may be reviewed in an appeal therefrom, but the merits of the case may not be opened for further review.*—Where it becomes necessary for a court to make further orders and decrees to carry into effect the decree on the merits establishing the rights of the parties, any errors made in the supplemental proceedings auxiliary to and in aid of the execution of the decree on the merits may be reviewed in an appeal therefrom, but, in such appeal, the merits of the case as adjudicated may not be opened for further review or judicial action.   p. 213.

6.   TRIAL.—The owner of land objecting to a sale thereof under a deed of trust is in the position of a plaintiff and has the burden of proving that the sale was void.   p. 214.

7.   APPEAL.—*Decree ordering sale of real estate, which was affirmed on appeal, may not be disputed in subsequent proceeding attacking validity of sale made pursuant thereto.*—A decree on the merits ordering a sale of land held under a deed of trust, which was affirmed on appeal, becomes the established law of the case, and may not be disputed in a subsequent proceeding attacking the validity of a sale pursuant to such decree.   p. 215.

8.   TRUSTS.—*Decree ordering sale of land pursuant to deed of trust not invalid because it did not require appraisement.*—A decree ordering a sale of real estate pursuant to the provisions of a deed of trust was not invalid because it did not direct the trustee to have the land appraised before sale where the instrument of trust specifically stated the steps in the execution of the trust, including a sale of the land because of default of the grantors, and did not mention appraisement. p. 215.

9.   TRUSTS.—*Grantor in deed of trust may incorporate such terms of sale by the trustee as he chooses, even to providing. for a sale without appraisement.*—The grantor in a deed of trust may incorporate therein such terms of sale of his land by the trustee as he chooses, even to providing for sale without appraisement in contravention of a law governing the sale of lands by trustees generally.   p. 215.

10. APPEAL.—*Auxiliary decree confirming sale of real estate under a deed of trust is final, from which appeal may be taken as from final judgments.*—An auxiliary decree confirming a sale under a deed of trust, made pursuant to a decree determining the rights of the parties and ordering a sale, is a final decree in relation to the matter before the court, from which an appeal may be taken in the usual way; it is not interlocutory, requiring an appeal in the manner provided for appealing from such orders. p. 216.

From Hamilton Circuit Court; *George Shirts*, Special Judge.

Suit by Dora E. Rooker and another against the Fidelity Trust Company and others. From an order and decree confirming sale of real estate theretofore ordered by the court, plaintiffs appeal. *Affirmed.*

*William V. Rooker*, for appellants.
*Charles E. Cox* and *Henry Seyfried*, for appellees.

TRAVIS, J.—This appeal is from an order and decree which confirmed a sale theretofore ordered by the court in its final decree which settled the rights of the parties. This proceeding is auxiliary to and in execution of the final decree on the merits.

Appellants made and executed, on October 11, 1909, as first parties, to appellee Fidelity Trust Company, as second party, their certain instrument of trust in writing, and, contemporaneously therewith, executed their deeds of conveyance to appellee Fidelity Trust Company, and delivered the deeds to the grantee and trustee. The sale of the lands by the trustee, appellee, so conveyed is the subject of this proceeding.

The instruments of trust and conveyance are fully set out in the first case in this matter, of which this proceeding on appeal is the fourth. *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172.

The merits of the controversy wherein the instruments are judicially construed and the rights of the

parties thereunder adjudicated are fully disclosed by the opinion in the appeal. *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141. In this second case, most of the errors claimed by appellants in this appeal were finally adjudicated, and the court will not, therefore, review any of the questions which relate to the merits of the parties as governed by their agreement, and adjudicated.

By the decree of the Hamilton Circuit Court, through Honorable Earle Sample, special judge, (*Rooker* v. *Fidelity Trust Co., supra*) the lands concerned in this appeal were ordered sold, and "That any sale or sales made under this decree shall be forthwith submitted to this court for approval or disapproval."

Thereafter, April 7, 1919, appellee trustee came into court and filed its report of the sale of the lands located in Marion county, Indiana, to which report of sale appellants, on April 14, 1919, filed their exceptions, which exceptions challenge the legality of the sale.

Thereafter, May 9, 1919, the Honorable Earle Sample, special judge, resigned and declined further jurisdiction of this cause. May 15 following, appellee trustee filed in the Hamilton Circuit Court its motion for the appointment of a special judge, wherein it alleged the resignation of Honorable Earle Sample, special judge, that the regular judge of the court was disqualified to act because of his having been engaged as counsel in this cause prior to his election as judge, that the trustee had filed its report of sale of the lands in Marion county, which motion to change the venue of this action and appoint another special judge, was granted by the court on May 29, 1919. The court submitted the names of three persons from which to select a special judge. Appellee trustee struck the name of one of the names thus submitted, and upon the refusal of appellants to strike off a name, "for the reason that

the order is void," as claimed by appellants, the clerk, by order of the court, struck off one name on behalf of appellants. The court thereupon appointed Honorable Walter Shirts, the person whose name remained, as the special judge in the cause.

Two questions are presented by the assignment of errors, based upon the action of the court overruling the motion for a new trial.

The first question relates to the appointment of Honorable Walter Shirts, special judge. The objections are that: (a) There was no vacancy in the office of special judge, because Sample, special judge, had executed his commission to hear and determine the case he was appointed to try, whereby the office of such special judge had become *functus officio*; and (b) that, granting another special judge could legally be appointed, it became the duty of the Hamilton Circuit Court "within five days" after the bench had been vacated by special judge Sample, to make such appointment, and the appointment of special judge Shirts May 15, 1919 was in violation of the statute (§451 Burns 1926) which, in such event, carried the power to appoint to the Governor of the state.

The question of the right of the regular judge of the trial court to have had jurisdiction after the resignation of special judge Sample, and to have adjudicated the matter of the report of sale is not before the court, because he was disqualified personally without challenge.

By the final decree upon the merits (*Ibid* 191 Ind. 141), the trustee was ordered to sell the lands and report any such sale to the court for approval or disapproval. Was the judicial office *functus officio* as soon as the final decree was rendered?

After the final decree, which settled the interests and rights of the parties, it became necessary, by the com-

mand of the decree, to sell the lands to make liquid assets to pay mortgage liens and debts, and as commanded further, to report any such sales to the court for approval or disapproval. To repeat the decree answers the question, and the error claimed by appellants. A court must act upon any report of sale, and the court of which special judge Sample, had charge in this case, was specifically and solely the judge to whom the report must be made, he occupying the bench at the time.

It is settled by authority, that after a final decree upon the trial of the merits of the case, by which the rights of the parties are settled, such further 1, 2. orders or decrees that may be necessary will be made to carry into effect the very rights decided upon the trial of the merits of the case, and that court will hear and determine and establish by order or decree anything necessary, that may be auxiliary to, or in execution of, the final decree on the merits. The official position of special judge Sample after he rendered the decree on the merits was not *functus officio*. *Teaff* v. *Hewitt* (1853), 1 Ohio St. 511, 520, 59 Am. Dec. 634.

The consideration of the second part of the objection to the appointment of special judge Shirts, requires the construction of the statute which provides for the appointment of a special judge by the Governor of the state. §451 Burns 1926.

Appellants' proposition is, that the regular judge of the Hamilton Circuit Court, not having named another special judge within five days after the bench 3, 4. had been vacated, the right devolved upon the Governor to make such appointment, wherefore the action of the regular judge appointing Honorable Walter Shirts was void. The court is of the opinion that the plain language of the statute states the proposition against the claim of appellants. The Governor

cannot appoint until he knows officially that the bench is vacant.  The duty of giving such notice is that of the clerk of the court, but the clerk cannot act officially in the matter until moved by the request of either party to the action.  By the record, neither party requested the clerk to certify the facts to the Governor.  The court construes the five days limit in the statute, to prevent either party from moving for the appointment of another special judge by the Governor within that period of time; but that such limitation does not pertain to the regular judge unless and until either of the parties has moved the clerk by the proper request after the lapse of five days from the time the bench had been so vacated.

The second proposition relates:    (a) To the merits of the case which affect the rights of the parties; and (b) the sale itself.

Appellants, by their exceptions to the report of sale by the trustee, appellee, allege that the sale, as reported, is contrary to law because of certain claimed rights, already settled by the decree upon the merits.  *Ibid* 191 Ind. 141.

It is apparent in the decree on the merits (*Ibid* 191 Ind. 141), that such decree was dependent upon further action of the court, i e., receive and adjudge the 5.    report of sale by the trustee, as such decree ordered the trustee to do.    It therefore became necessary for the court, which had jurisdiction of the case, to make further decrees in order to carry into effect the decree upon the merits of the case.  And the court holds that any errors which occur in the rendition of decrees auxiliary to and in aid of execution of the decree upon the merits may be corrected upon appeal.  But that, in such appeals from such decrees, subsequent to the decree to which they are auxiliary, the merits of the case as adjudicated may not be opened

for further review or judicial action. *Teaff* v. *Hewitt, supra; Hey* v. *Schooley* (1836), 7 Ohio 373; *Himley* v. *Rose* (1809), 5 Cranch 312, 3 L. Ed. 111; *The Santa Maria* (1825), 10 Wheat. 429, 442, 6 L. Ed. 430.

The court holds that the objections by appellants concerning the appointment of special judge Shirts were not well taken, and properly overruled.

In relation to appellants' second proposition, that the trial court erred in confirming the report of sale, they point out: (1) That there was no sale, which questions the sufficiency of the evidence to support the special findings of fact; (2) the court had no power to order a judicial sale, as it did do, because, under the contractual relations between the parties, the sale must be conventional and not judicial; and (3) that the decree which ordered a judicial sale was void because it failed to provide for an appraisement of the lands, and that the lands were not appraised.

The first point questions the sale as not being within the statute of frauds. Appellants excepted to the report of sale, and in relation to this proceeding, they were the plaintiffs, upon whom rested the burden of proving by a preponderance of the evidence that the sale, as claimed by them, was "void." The court found specially that appellee trustee had made the sale of the lands, as reported by the trustee to the court, which sale was judicially approved. The narration of the evidence by appellants in their brief fails to point to any evidence whatsoever that has any bearing upon their contention that the sale was not within the requirements of the statute of frauds. In fact, appellants say in their brief, "The evidence was wholly barren of any such contract as the statute of frauds prescribes shall be the basis of a lawful sale of real estate." §8045 Burns 1926. The special findings are sustained by sufficient evidence.

The second point must be decided against appellants. They are the plaintiffs and moving parties in the proceeding upon the merits (*Ibid* 191 Ind. 141). The decree in that proceeding was not in their favor. They appealed and the decree was affirmed and becomes the law of the case. Appellants may not dispute the law of the case in this proceeding.

To affirm appellants in their third point against the validity of the sale would permit them to entrap the trustee by their own machinations. Appellants, by their instrument of trust and deeds of conveyance, specifically provide all the steps in the execution of the trust, which includes the sales to be made of lands. The decree (*Ibid* 191 Ind. 141) orders sale according to those instruments. Appellants will not be permitted to gain here by disputing their own written instruments of enlarging them to place greater burdens upon the trustee named by them. Under the terms of sale made by appellants, in their instrument of trust, the trustee was not directed to have the lands appraised before sale. The instrument itself named the price. The *cestui qui trust* may make such terms for the sale of his lands by his self-appointed trustee, in the written instrument creating the trust and appointing the trustee, as he desires, even to providing for sale of his lands by the trustee without appraisement, in contravention of the general statute law which governs sales of lands by trustees generally.

Appellee trustee moved to dismiss this appeal because the decree herein is interlocutory, and not a final decree or judgment (§695 Burns 1926, §671 Burns 1914), and the decree being interlocutory, the appeal was not perfected as provided by law. (§713 Burns 1926, §1392b Burns' Supp. 1921.)

The whole question of the merits of this matter was decided and determined by the decree which ordered a

report of any sales of lands to be made to the court. That decree left no further question concerning the rights of the parties for future determination. The situation as made by the final decree upon the merits made it necessary for further decrees. But these subsequent decrees could be only auxiliary to or in aid of executing the final decree. This does not lead to the conclusion that the decree in this proceeding to confirm a sale is interlocutory. An interlocutory decree is one made in the progress of the suit, and one which leaves the equity of the case for future determination. *Teaff* v. *Hewitt, supra.* The decree in this proceeding is complete and final in relation to the matter to be determined, which was the sale of the land in Marion county. The decree is not interlocutory, it is final. An appeal will lie from the decree which confirmed the sale. The motion to dismiss the appeal is overruled.

Affirmed.

Ewbank, J., not participating.