CARTY *v.* TORO.

[No. 28,038. Filed November 10, 1944.]

*Owen S. Boling,* of Indianapolis, and *E. E. Neel,* of Newport, for appellant.

*C. G. Powell,* of Montezuma, and *J. M. Johns,* of Rockville, for appellee.

RICHMAN, J.—This is a controversy over a strip of ground three and one-fourth feet wide in Montezuma. The question before us is whether the trial court abused its discretion in refusing to set aside a default judgment against appellant for possession and $50.00 damages. He contends that he has shown "excusable neglect" within the meaning of § 2-1068, Burns' 1943 (Supp.), § 173, Baldwin's Supp. 1941. The evidence consisted of his affidavit and appellee's counter-affidavit. Whether appellant has a meritorious defense which he may present if the default be set aside, a

question we need not decide, received more attention in the affidavits than did his excuse for failing to appear in answer to the summons. There is no denial of any of the following facts:

The action was filed August 29, 1942, and summons, returnable September 14, 1942, was served by reading to appellant August 31, 1942. Appellant asserts that one Ross, living in Indianapolis, owns the fee of the real estate in question. Appellant's interest therein is under a contract to purchase from Ross. Appellant took the summons to Ross and told him of the suit. Ross "laughed about it and said, 'Well, you just forget it and I will take care of it when they notify me.' " Evidently not satisfied with this assurance, although he says he relied upon it, appellant on September 5, 1942, "consulted an attorney in Terre Haute, Indiana, and handed him a copy of the original complaint, and . . . was advised by said attorney that it was the duty of the owner of the fee simple, Mr. Wilbur Ross, to defend the suit and protect the title to the real estate, and that the suit was no business of the defendant, William E. Carty, and advised him to ignore it . . ." September 12, 1942, appellant wrote Ross a letter saying, "Could it be possible by me holding possession by contract that they might gain possession of this three feet as I did not make appearance by lawyer? You be sure take care of this please . . ." Ross did not reply. A year passed and on the 23rd day of September, 1943, there being no appearance, appellee took the default judgment. The sheriff, attempting to execute the same, was met by appellant with a threat of shooting if any attempt were made to tear down the fence blocking entrance to the ground. Appellant was then cited for contempt and took the notice thereof to Ross who said, " 'Well, I have never been served with

any notice and if I have been sued, I do not know it, and there is nothing for me to defend, but you will have to appear in court on October 14th and answer the charge of contempt.'" Appellant asserts this was the first knowledge he had that Ross "had failed and neglected to take any action in the defense of Carty's contract and right to possession." Thereafter on October 14, 1943, appellant filed his petition to set aside the judgment.

As indicated in the beginning the trial court in ruling upon the petition was required to exercise a sound judicial discretion. 31 Am. Jur. *Judgments*, § 717, *U. S. Fidelity, etc. Co.* v. *Poetker* (1913), 180 Ind. 255, 268, 102 N. E. 372, 376. Its decision will be set aside only for an abuse of such discretion. With this rule in mind the facts alleged must be analyzed.

Obviously appellee was in nowise responsible for appellant's predicament. For over a year after the return day the case was pending without action. In that time appellant made no eqffort to ascertain its status or his rights and obligations other than as above set forth.

He claims to have been misled by two persons, the owner of the fee, from whom he had a contract of purchase, and the lawyer whom he consulted in Terre Haute. We do not find in the reported conversations with Ross any assurance reasonably justifying appellant's ignoring the process of the court. Ross did not merely say "Forget about it and I will take care of it" but he added the qualification "when they notify me" which was a clear indication that he did not intend to do anything about defending the action unless he himself were summoned. The letter to Ross which followed the conversation by appellant with the attorney contained a request that Ross take care of the

litigation but Ross did not reply. This request was not followed up. The most that we can see in it is a bit of wishful thinking on the part of appellant. Nothing Ross said or did can excuse appellant's neglect.

A competent attorney, fully informed as to the facts, would not have advised appellant to ignore the summons. Perhaps the trial judge had some doubts as to the accuracy of appellant's report of his conference at Terre Haute. He says he "consulted" the attorney and handed him a copy of the complaint. It was the usual complaint in ejectment demanding possession and damages against appellant for wrongful detention. On its face it called for a defense. Only extraneous facts would justify other advice. We may assume that some inquiry as to the facts was made of appellant but what he told the attorney is not disclosed. The attorney's affidavit or testimony might have explained his unusual advice. But he was not called by appellant upon whom was the burden. From this failure the court may have drawn the inference that the attorney would not corroborate his erstwhile client. *Lee* v. *State* (1901), 156 Ind. 541, 60 N. E. 299.

But accepting appellant's affidavit as true, the excuse it offers is that his attorney made a mistake of law. The courts in various jurisdictions are not in accord on whether such a mistake is ground for vacating a judgment. See Am. Jur. *Judgments* § 750, Ann. Cas. 1917A p. 710, 1 Freeman on Judgments (5th ed.) § 238. Mr. Freeman states at p. 471: "Most authorities, however, take the position that mere mistakes of law do not authorize the vacation of a judgment." This seems to be the rule in Indiana. *Lowe* v. *Hamilton* (1892), 132 Ind. 406, 31 N. E. 1117, from which we quote:

"In the third paragraph he admits that he was served with process, but gives as a reason for his neglect to defend that the process was not distinctly read. He gives no excuse for not reading the summons himself, nor for not requiring it to be read more distinctly. He had no right to rely upon the statement of the sheriff as to the nature of the suit against him, since the sheriff is not presumed to possess knowledge upon that subject beyond that disclosed by his writ.

"It is true he states that he was advised by his attorneys that no personal judgment could be taken against him but he does not show that he made any statement of the facts to his attorneys, or that they had any knowledge of the contents of the cross-complaint. If his attorneys did have knowledge of the contents of this pleading, and with such knowledge advised him that no personal judgment could be taken against him, this would not be the kind of mistake contemplated by the statute under immediate consideration.

"If a judgment were to be set aside on every occasion when the attorney of one of the parties to a suit should make a mistake in a science so intricate as that of the law, there would be little stability in judgments."

See also *Snipes* v. *Jones* (1877), 59 Ind. 251, in which it appears that the appellant relied upon "some bad advice" of his opponent's attorney. Judge Perkins makes this caustic comment: "Let men learn to properly attend to their own business, and in due time, even if it involves the necessity of paying a fee to an attorney. It were wiser to pay a fee to prevent a judgment, than for fruitless efforts to vacate it." See also *Center Township* v. *Board of Commissioners of Marion County* (1887), 110 Ind. 579, 10 N. E. 291; *Heaton* v. *Peterson* (1892), 6 Ind. App. 1, 31 N. E. 1133; *Krill* v. *Carlson* (1920), 74 Ind. App. 47, 128 N. E. 612; *Delewski* v. *Delewski* (1921), 76 Ind. App. 44, 131 N. E. 229; *Kuhn*

v. *Indiana Ice & Fuel Co.* (1937), 104 Ind. App. 387, 11 N. E. (2d) 508.

But appellant may not put all the blame upon the attorney. A person of mature years and judgment, and this we will assume of appellant in the absence of any evidence to the contrary, may not idly ignore a summons to defend an action. His responsibility is independent of that of the attorney by whom he is advised. *Kreite* v. *Kreite* (1884), 93 Ind. 583; *Thompson* v. *Harlow* (1878), 150 Ind. 450, 50 N. E. 474. If he had exercised reasonable precautions he would not merely have consulted an attorney in a distant place but would have employed one to appear and defend. He might still have lost the case but there would have been no judgment by default.

We can not see that the trial court abused its discretion and the judgment is therefore affirmed.

Note.—Reported in 57 N. E. (2d) 434.