SWARTZ v. SWARTZ.

[No. 18,159. Filed November 28, 1951.]

636

*Mox G. Ruge,* of Chesterton, for appellant.

*Ryan, Chester and Clifford,* of Valparaiso, for appellee.

ACHOR, J.—This is an appeal from an adverse judgment in which the trial court refused to vacate and set aside a decree taken by default, by which

decree the court reopened a divorce judgment after term and reset the same for redetermination as to the property rights of the parties. The essential facts in the case are as follows:

On December 27, 1947, the Superior Court of Porter County made a finding and decree of divorce as to the parties. The pertinent parts of the decree are as follows:

". . . and the court being duly advised in the premises finds for the plaintiff on her amended complaint that she is entitled to a decree of absolute divorce from the defendant, . . . that the plaintiff and the defendant are the owners in fee simple, as tenants by the entireties, of two (2) parcels of real property located in Porter County, Indiana, and described as follows, to-wit:

Parcel Number 1. (description)

Parcel Number 2. (description)

The court finds that it is necessary to adjust the respective property rights and alimony claims of the respective parties hereto, and from the evidence the court finds that the plaintiff should be entitled to have and retain as her own separate property the real estate hereinabove described as parcel number 1, and that the defendant and cross-complainant should be entitled to have and receive as his own separate property that real estate hereinabove described as parcel number 2, and the court further finds that the plaintiff is entitled to receive from the defendant an alimony judgment in the amount of Two Thousand ($2,000.00) Dollars by way of equalization in connection with the division of the said properties.

It is therefore considered, adjudged, and decreed by the court that plaintiff have, and she is hereby granted, a decree of absolute divorce from the defendant.

It is further adjudged and decreed by the court that within ten (10) days from the date of this decree the plaintiff shall convey to the defendant the premises hereinabove described in the findings

of the court as parcel number 2. And that the defendant within said ten (10) day period shall convey to the plaintiff the premises above described as parcel number 1.

It is further adjudged by the court that the plaintiff be and she is hereby given a judgment for alimony against the defendant in the amount of Two Thousand ($2,000.00) Dollars by way of an adjustment in connection with the division of said real property. It is further adjudged by the court that said sum of alimony shall be paid in cash by the defendant into the Clerk's Office of this court contemporaneously with the delivery of said deeds.

It is adjudged further by the court that if either or both of the parties hereto do not make such conveyances, or if they or either of them refuse to do so, within said period of ten (10) days from date hereof, then in such event, Englebert Zimmerman, Jr., of Valparaiso is appointed as the commissioner of this court to make said conveyances as herein ordered as commissioner of the court, and said commissioner shall thereby be empowered to convey the full, entire, and complete interests of the respective parties to each other in accordance with this judgment.

It is further adjudged and decreed by the court that at the time of the delivery of said conveyances the abstracts of title covering said respective parcels shall be delivered over to the party acquiring the title thereto. If conveyances are not made by the parties voluntarily then and in such event the commissioner shall execute such deeds and report the same to this court for the court's approval and the costs of this action are taxed to the defendant other than the costs of the commissioner, if any, and the matter of the allocation of such costs is taken under advisement."

The parties did not execute reciprocal conveyances as prescribed in the judgment of the court. Appellant initiated proceedings for an appeal of the judgment and Englebert Zimmerman, Jr., appointed as commissioner, refused to make conveyance.

Pending such appellate proceedings, the parcel of real estate assigned to appellee was burned. Appellant did not perfect her appeal and thereafter demanded performance according to the judgment of the court as entered. Thereafter, on June 1, 1948, appellee filed his "Petition to Amend Judgment, etc.," wherein he prayed that the original divorce decree entered December 27, 1947, be reopened and modified as to the property rights of the parties. Hearing on said petition was first set for March 25, 1950, at which time neither the appellant nor her attorney appeared. The cause was reset June 24, 1950, on which date the cause was heard in the absence of the appellant and finding and judgment was made by the court, by which the original judgment for divorce was reopened for further determination as to the property rights of the parties.

After reciting the circumstances of appellant's failure and refusal to make conveyance according to the specification of the divorce decree and of the subsequent loss of one of the properties by fire, the remaining part of the finding and the judgment of the court is as follows:

"The court further finds that said order and decree of December 27, 1947, was not a complete and final judgment but that the cause remained in fieri, and that this court, in order to do equity for the parties, should now vacate and set aside all those parts and portions of the decree of December 27, 1947, having to do with the division of the property of the parties and that the same should be now reconsidered by the court and all the property of the parties, held by them either separately in their own individual names or as tenants by the entireties, should be divided, adjusted or otherwise distributed in connection with the decree of divorce heretofore granted herein.

"IT IS THEREFORE CONSIDERED, ADJUDGED and DECREED by the court that the decree of divorce granted to the plaintiff on her

amended complaint in this cause on December 27, 1947, be confirmed and be not disturbed or set aside. That, however, the other parts and portions of said decree, are hereby vacated and set aside insofar as they concern the ownership, division and/or distribution of the property and the property rights of the parties.

"IT IS ADJUDGED AND DECREED further that the pending motion of the defendant be and the same is hereby granted and the court at a further hearing shall and will hear evidence touching upon the property rights of the plaintiff and the defendant in order that a just and equitable division may be made to the parties."

Thereafter, on September 7, 1950, appellant filed her "Verified Motion to Set Aside the Order and Judgment of the Court Entered Herein on June 24, 1950" and filed her answer to appellee's prior Petition to Amend the divorce decree of December 27, 1947. To appellant's aforesaid "Verified Motion to Set Aside the Order of June 24, 1950," the appellee filed his answer by way of a Counter Affidavit and trial was had on these issues September 30, 1950, on which date the court found against the appellant and denied her "Verified Motion to Vacate the Order of June 24, 1950."

Appellant's assignment of errors avers that the court erred in finding against her on her Verified Motion to Vacate the Judgment of June 24, 1950. It is upon this issue that the case is before us on appeal. Appellant's Verified Motion to Vacate the Order of June 24, 1950 was grounded upon § 2-1068, Burns' 1946 Replacement, which provides as follows:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, on complaint filed and notice issued, as in original actions within two (2) years from and after the date of the judgment, . . ."

The law regarding the setting aside of default judgments, taken as a result of the mistake, inad-▮ vertence, surprise or excusable neglect of the defendant, is ably stated in the following cases:

In the case of *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 252, 253, 159 N. E. 753, the court said:

"Under the statute now in force (§ 423 Burns 1926), as under former statutes somewhat similar in effect (§ 396 R. S. 1881), to obtain relief from a judgment taken against a party by virtue of the action granted him by this statute, two things must concur: (1) The judgment taken against the judgment defendant through his mistake, inadvertence, surprise or excusable neglect; and (2) his showing by his complaint that he has a meritorious defense to the cause of action upon which the judgment against him was founded. *Woodward* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Nash* v. *Cars* (1883), 92 Ind. 216; *Nord* v. *Marty* (1877), 56 Ind. 531, 535; *Buck* v. *Havens* (1872), 40 Ind. 221; *Hill* v. *Crump* (1865), 24 Ind. 291, 294; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 89, 85 N. E. 351.

. . .

"It is the function of the trial court to decide the question whether or not the default judgment in the particular case must be set aside, which action requires it to determine the sufficiency of the evidence which bears upon the question of the mistake, inadvertence, surprise or excusable neglect of the plaintiff. *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984."

In the case of *Carty* v. *Toro* (1944), 223 Ind. 1, 4, 57 N. E. 2d 434, the court stated:

"As indicated in the beginning the trial court in ruling upon the petition was required to exercise a sound judicial discretion. 31 Am. Jur. *Judgments*, § 717, *U. S. Fidelity, etc. Co.* v. *Poetker* (1913), 180 Ind. 255, 268, 102 N. E. 372, 376. Its decision will be set aside only for an abuse of such discre-

tion. With this rule in mind the facts alleged must be analyzed."

See also *Neat* v. *Topp* (1912), 49 Ind. App. 512, 97 N. E. 578; *Gary Hobart Inv. Realty Co.* v. *Earle* (1922), 78 Ind. App. 412, 135 N. E. 798.

The first question is, did appellant show by his complaint that he had a meritorious defense to appellee's "Petition to Amend" that portion of the original decree of divorce which related to the property rights of the parties. Appellee grounded his action to so reopen and set aside the divorce decree upon two theories—the first being that the decree as entered was not a final judgment, that it remained *in fieri* or interlocutory and that it was the right and obligation of the trial court under the decree as made to follow through until such time as the parties obtained title and the actual physical possession of the properties which they were each to receive. The second theory of appellee's action was that the court, acting on the equity side, had the additional right and duty to relieve the appellee from the unfortunate results of accident where the condition was brought about by the appellant without the connivance of the innocent party.

The first issue which this court must determine is whether or not appellant's verified petition showed a meritorious defense. See *Haas* v. *Schrum* (1919), 72 Ind. App. 381, 124 N. E. 761.

If the original judgment of the court in the divorce action was a final judgment, as contended by appellant, then the court was without jurisdiction after term, in the absence of fraud, to set the judgment aside and reconsider the property rights of the parties. If the judgment be so construed the order of June 25, 1950 was void and it necessarily follows that appellee had a "meritorious defense" thereto. If, on the

other hand, said judgment of divorce was *in fieri* or interlocutory only as affecting the property rights of the parties, then the court had continuing jurisdiction over the property rights of the parties and the appellant has asserted no meritorious defense against further inquiry into and determination thereof by the court. Appellee, in support of its contention that the original divorce decree was not a final judgment, has merely cited Vol. 33 C. J., § 18, p. 1061, which is as follows:

"A final judgment is one which disposes of the cause both as to the subject matter and the parties so far as the court has power to dispose of it, while an interlocutory judgment is one which does not so dispose of the cause, but reserves or leaves some further question or direction for future determination. . . ."

No authorities in support of this text have been cited. Those cited by *Corpus Juris* as supporting the above quoted section are not to be in point with the case at bar. Furthermore, it is necessary to consider the following portions of the same section of 33 C.J., § 18, at page 1063 to properly construe the meaning of the portion quoted:

". . . But the judgments determining particular matters in controversy, and of such a nature that they could be immediately enforced and by their enforcement deprive the party against whom they were rendered of all benefit which he might obtain from an appeal at any subsequent stage of the proceedings, have been deemed final. . . . The question whether a particular order or judgment is final or interlocutory most frequently arises as a question of appealability, . . ."

Further statement regarding this issue is made by 49 C. J. S., § 11, at page 37, as follows:

". . . In determining whether a judgment is interlocutory or final, it should be construed in

accordance with the conduct of the parties and the intention of the court gathered from the language of the judgment or decree. . . . Also a judgment may be final although further directions may be necessary to carry it into effect, although further proceedings remain to be taken in court to make the judgment effective, . . ."

The original divorce decree in the case at bar made a full determination of the issue as to the marital status of the parties and of their respective property rights. The case at bar is analogous to that of *Rooker* v. *Fidelity Trust Co.* (1926), 198 Ind. 207, 213, 214, 215, 151 N. E. 610. In that case the property rights of the parties to certain real estate were in controversy and were determined by the court. The property was ordered sold by a trustee. In that case the court stated:

"Appellants, by their exceptions to the report of sale by the trustee, appellee, allege that the sale, as reported, is contrary to law because of certain claimed rights, already settled by the decree upon the merits. *Ibid* 191 Ind. 141.

"It is apparent in the decree on the merits (*Ibid* 191 Ind. 141), that such decree was dependent upon further action of the court, i. e., receive and adjudge the report of sale by the trustee, as such decree ordered the trustee to do. It therefore became necessary for the court, which had jurisdiction of the case, to make further decrees in order to carry into effect the decree upon the merits of the case. And the court holds that any errors which occur in the rendition of decrees auxiliary to and in aid of execution of the decree upon the merits may be corrected upon appeal. But that, in such appeals from such decrees, subsequent to the decree to which they are auxiliary, the merits of the case as adjudicated may not be opened for further review or judicial action. *Teaff* v. *Hewitt* [(1853), 1 Ohio St. 511, 520, 59 Am. Dec. 634], *supra; Hey* v. *Schooley* (1836), 7 Ohio 373; *Himley* v. *Rose* (1809), 5 Cranch 312, 3 L. Ed. 111; *The*

*Santa Maria* (1825), 10 Wheat. 429, 442, 6 L. Ed. 430.

"The whole question of the merits of this matter was decided and determined by the decree which ordered a report of any sales of lands to be made to the court. That decree left no further question concerning the rights of the parties for future determination. The situation as made by the final decree upon the merits made it necessary for further decrees. But these subsequent decrees could be only auxiliary to or in aid of executing the final decree. This does not lead to the conclusion that the decree in this proceeding to confirm a sale is interlocutory. An interlocutory decree is one made in the progress of the suit, and one which leaves the equity of the case for future determination. *Teaff* v. *Hewitt, supra.* The decree in this proceeding is complete and final in relation to the matter to be determined, which was the sale of the land in Marion county. The decree is not interlocutory, it is final. An appeal will lie from the decree which confirmed the sale. The motion to dismiss the appeal is overruled."

Without approving the form of the decree herein, we are constrained to hold that the original divorce decree in the case at bar made a full and final determination of the issues in controversy, namely marital status and the property rights of the parties. Further decrees were merely "auxiliary." Under these circumstances the merits of the case, as adjudicated, may not be opened for further review or judicial action. *Rooker* v. *Fidelity Trust Co., supra.*

It therefore necessarily follows upon the theory that said judgment of divorce was *in fieri* or interlocutory only that appellant, on the basis of the pleadings, had a good and meritorious defense to appellee's "Petition to Amend Judgment, etc." of the original divorce decree.

Did appellant have a meritorious defense to the second theory of appellee's action to set said original

divorce decree aside? Appellant states, "The court, acting on the equity side, had the additional right and duty to relieve the appellee from the unfortunate results of accident where the condition was brought about by the appellant without the connivance of the innocent party." In support of this theory of action, appellant has cited Pomeroy's Equity Jurisprudence, Vol. 3, 5th ed., §§ 823 and 836. Neither Pomeroy nor the cases cited attempt to apply the "accident" doctrine of equity to the facts in the case at bar.

The property rights of the parties in the respective parcels of real estate was fixed by the decree of divorce December 27, 1947. Appellee had an insurable interest in the real estate assigned to him from that date. Appellee presented no issue in the court below which might justify setting the judgment aside and against which appellant was obliged to present a "meritorious defense" other than her original divorce decree. This decree is asserted as her defense in her motion to set aside.

Finally, this court must determine whether or not the trial court after weighing the evidence as to the mistake or excusable neglect of appellant, abused its discretion in refusing to set aside its judgment by which it ordered the original divorce decree set aside as to the property settlement between the parties.

It is admitted that the appellant's attorney was negligent in not notifying appellant or being present at the occasion of the first setting of the cause for trial, and that he did not appear on June 24, 1950, at which date the case was reset, heard and judgment rendered. However, it is also undisputed that on the date of said second setting, appellant and her son personally came to the courthouse for trial at the time assigned; that it was Saturday afternoon, when court was not regularly in

session, and the court room was locked; that appellant and her son waited in the rotunda outside the court-room for perhaps an hour and a half after the time set for trial; that appellee's attorney knew that appellant and her son waited in the rotunda of the courthouse, outside the court room for said period; that appellee told appellant she had just as well go home because the case would not be tried and appellee then left the court-house. These facts were not called to the attention of the court by appellee or his attorney. The hearing was held in the absence of appellant in the private chambers of the court, with no bailiff or reporter being present and without any attempt having been made to notify appellant that the matter was being considered by the court.

These circumstances, we believe, lead inescapably to the conclusion that the court abused its discretion when it denied appellant's motion to set aside said "default" decree.

Judgment is reversed, with instructions to the court below to sustain appellant's "Verified Motion to Set Aside the Order and Judgment of June 24, 1950," and for such other proceedings as are consistent herewith.

Crumpacker, J., took no part in the consideration or decision of this case.

Royse, J., concurring in result.

## CONCURRING OPINION

ROYSE, J.—I agree with the majority opinion that the original divorce decree in this case made a full, complete and final adjudication of the marital status of the parties and of their respective property rights, and, therefore, there can be no further judicial review or action on the matters therein adjudicated. In

my opinion that was all that it was necessary or proper for us to decide in this case.

The record discloses the court overruled appellant's objection to the filing of appellee's petition to amend the original judgment.

While it is true certain of the averments of appellant's verified petition to set aside the alleged judgment of June 24, 1950 indicate it was filed pursuant to § 2-1068, Burns' 1946 Replacement, however, in my opinion the answer filed therewith directly challenged the authority of the court to make such judgment. I think our decision should be based on this theory. In my opinion the question of whether appellant had complied with the provisions of the above referred to statute was immaterial to a decision of the real question in this case. I therefore express no opinion on the discussion of those matters in the majority opinion.

NOTE.—Reported in 101 N. E. 2d 822.